472 P.2d 28

**STATE of Arizona, Appellee,**

**v.**

**Leonard M. GARDNER, Jr., Appellant.**

**No. 1982.**

Supreme Court of Arizona,
In Banc.

July 10, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Robert Wertsching, Phoenix, for appellant.

McFARLAND, Justice.

Leonard M. Gardner, Jr.—hereinafter referred to as defendant—entered a plea of guilty to robbery in Cause No. 41651 in Superior Court of Maricopa County, and on the 10th of June 1963 it was the judgment and sentence of the court that he be punished by being confined in the Arizona State Penitentiary for a term of not less than twenty-five years nor more than fifty years. In Cause No. 41652, he entered a plea of guilty to the charge of kidnapping, and sentence was pronounced on the 10th day of June 1963 in the latter cause. It was the judgment and sentence of the court that defendant serve not less than twenty-five nor more than fifty years in the Arizona State Penitentiary, to run concurrently with the sentence in Cause No. 41651.

On April 1, 1969, this Court granted defendant's motion for a delayed appeal in both causes.

An information was filed in the Superior Court of Maricopa County on February 25, 1963, charging the defendant in the first cause with the crime of robbery. Arraignment was held March 6, 1963, at which time defendant entered a plea of not guilty. On May 3, 1963, he withdrew his former plea of not guilty and pled guilty to the charge of robbery before The Honorable Kenneth C. Chatwin, Judge of the Superior Court in Maricopa County, to Cause No. 41651. Also, an information was filed on February 25, 1963, charging the defendant with the crime of rape—Count I—and kidnapping—Count II. At his arraignment on March 6, 1963, he entered a plea of not guilty. On May 3, 1963, defendant withdrew his plea of not guilty and pled guilty to Count II. Thereupon Count I was dismissed on the motion of the county attorney.

Before the date for sentencing, defendant filed an affidavit of bias and prejudice against The Honorable Kenneth C. Chatwin, Judge of the Superior Court, on each cause. Hearing on the affidavit was scheduled for May 16, 1963. The matter was continued until the 23d day of May 1963, at which time the court announced that it would appear that the affidavit of bias and prejudice was not proper, but there might be some question as to whether the application of the rule is appropriate for sentencing, and entered its order transferring both causes to the Honorable William A. Holohan for sentencing.

The defendant, in his brief, states that "No transcript of the change of plea hearing apparently exists." However, counsel for defendant, in his motion that this Court order the Clerk of the Superior Court to transmit the court reporter's transcript on appeal, states:

"That although the record reflects on Wednesday, May 29, 1963, at 1:30 P.M., before Kenneth Chatwin, Judge, Court Reporter Don Thacker was present and certain sentencing proceedings occurred, and that on June 10, 1963, at 1:30 P.M., before William A. Holohan, Judge, Court Reporter John Wetter was present, neither of the Court Reporter's transcripts have been furnished.

"WHEREFORE Appellant proposes that pursuant to Supreme Court Rule 19(c) and Rules 360, 361, Rules of Criminal

Procedure, this Court order the Clerk of the Superior Court to promptly transmit the above described papers to the Clerk of the Supreme Court."

The request to this Court for an order to furnish transcripts did not include a request for the reporter's transcript of the proceedings for the date the defendant entered his plea in the two causes. At the time of the motion for change of judge on May 29, 1963, counsel contends that the record reflects "coercion, terror, subtle or blatant threats which cast suspicion on the validity of the plea of guilty and on the voluntary nature of the change of plea," and also that the court did not affirmatively determine that the "change of plea was made intelligently and voluntarily by the defendant." He bases his argument on the statements of the defendant's then counsel at the time the defendant made the motion for change of judge. In his brief, he quotes from the hearing on the change of judge the following statement of counsel as supporting this position:

"Now it has come to my attention last week when the judge was perhaps of the mind that I should submit further memoranda, they opened their threat to me as of Friday. They informed me that they are going to refile these informations. Mr. Gardner told me today that they have brought him in the J. P. Court without any notice to me.

"THE COURT: I don't think that is appropriate for the County Attorney to proceed in that manner.

"MR. ANDERSON: Mr. Gardner has said that he is scared to death. He kept our agreement and now they are trying to coerce me and him. It is not going to hurt me. I am not going to go to jail in this regard. They are coercing him to influence me to quit and desist, and I have a right to go on."

However, just preceding this statement, counsel for defendant stated:

"In the preliminaries of my memorandum I have stated that Mr. Leonard Gardner was at one time charged with three different felonies, and pursuant to the agreement entered between the County Attorney and myself in behalf of Mr. Gardner, we agreed to plead guilty of two counts of kidnapping and one of robbery, and the County Attorney was to dismiss all other four counts."

Defense counsel, in his brief, further quotes from the proceedings before Judge Holohan, in which the court asked the defendant if he had entered pleas of guilty to the two causes, to which defendant replied in the affirmative; then the court asked the question "Is there any legal cause why sentence should not be imposed?" Defense attorney replied that there was no legal cause, and asked for permission to make a statement requesting leniency. However, counsel in his brief merely points out that there had been "plea bargaining" and the previous counsel had stated they had lived up to the agreement.

▇ Defense counsel states that the county attorney had threatened to reinstate the other charges in the event defendant changed his plea. In Cause 41652, the county attorney was authorized and directed by the court to refile Count I in event the defendant changed his plea from guilty to not guilty on Count II. The record does not show there were any changes or request made for changes in the pleas of defendant, or that the county attorney had moved to reinstate any of the charges which had been dismissed on his motion, nor does the statement referred to by counsel in his brief show that the defendant did not voluntarily enter his plea.

▇ The counsel's statement was that they had agreed to plead guilty to "two counts of kidnapping and one of robbery, and the County Attorney was to dismiss all other four counts. By the use of "we" the statement indicates that both counsel and defendant agreed to the change, and

defendant understood the proceedings, and the plea was made voluntarily.

In his motion for the transmission of the transcript of the proceedings, defense counsel did not include a motion for a transcript of the proceedings before the court on May 3, 1963, at the time he changed the plea from "not guilty" to "guilty" in both causes. In State v. Wilson, 95 Ariz. 372, 390 P.2d 903, in which the record was not transmitted to this Court, we stated:

"* * * Even if there was testimony adduced respecting these allegations, nevertheless, where we do not have before us the complete record of the case, we must assume that any testimony or evidence not included therein tended to support the action taken by the trial court. Picow v. Baldwin, 77 Ariz. 395, 272 P.2d 613. Therefore, even assuming, without passing on the merits thereof, that the stated reasons were sufficient grounds for granting the motion, we must nevertheless affirm the decision of the lower court."

Plea bargaining has been recognized in this State where the rights of the defendant are protected, and where a proper determination is made by the court that the plea was made voluntarily at the time the plea was changed. State v. Jennings, 104 Ariz. 3, 448 P.2d 59; State v. Murray, 101 Ariz. 469, 421 P.2d 317.

The defendant has not, in the instant case, established his claim that the pleas of guilty to both causes were not voluntarily made. Nor does the record show that the trial judge did not affirmatively determine that such plea was made voluntarily.

Judgment affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and HAYS, JJ., concur.