**366**

513 P.2d 373

**The STATE of Arizona, Appellee,**

v.

**Edmund Anthony FRATUS, Appellant.**

**No. I CA–CR 536.**

Court of Appeals of Arizona,
Division 1,
Department A.

Aug. 28, 1973.

Gary K. Nelson, Atty. Gen. by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County, Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

OGG, Judge.

The defendant, Edmund Anthony Fratus, appeals from a judgment, entered upon a guilty plea, finding him guilty of the possession of marijuana for sale and from a sentence of not less than two nor more than ten years imposed thereon. The question presented by this appeal is whether the trial judge abused his discretion in refusing defendant's timely request to withdraw his plea of guilty.

The record shows that on August 29, 1972 the defendant, while represented by counsel, entered into a plea bargain with the office of the Maricopa County Attorney wherein it was agreed that the defendant would plead guilty to the charge in this case in exchange for the dismissal of another separate charge. This agreement was carried out. The defendant does not question the fact that the plea as handled by the trial judge was free and voluntary and that the plea process met all the constitutional requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969). Defendant complains that the State breached the plea bargain by failing to recommend probation for the defendant.

On September 22, 1972—the date of sentencing—the defendant moved to withdraw his guilty plea, alleging that the State had breached the plea bargain by failing to recommend probation. The State objected to the withdrawal of the plea and the motion to withdraw the plea was denied. The State presented testimony showing the plea bargain had not been violated and went on record as recommending probation for the defendant. The record discloses the State realistically understood it could only recommend probation and that such recommendation could not bind the probation department or the trial judge. It also appears that the defendant and his attorney understood that the State could only recommend probation; it was not until the

defendant learned that the probation officer was recommending a prison sentence that he made the decision to change his plea.

In a similar fact situation the Arizona Supreme Court ruled that an unfounded belief by the defendant that he would get probation in return for a guilty plea would not entitle him to change his plea. State v. Zarate, 106 Ariz. 450, 478 P.2d 74 (1970).

Rule 188, Rules of Criminal Procedure, 17 Arizona Revised Statutes, reads:

> "Rule 188. Withdrawal of plea of guilty
>
> The court may in its discretion at any time before sentence permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside such judgment, and allow a plea of not guilty, or, with the consent of the county attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty."

This rule has been interpreted many times by the appellate courts of this State and it is clear that a motion to withdraw a guilty plea is addressed to the sound discretion of the trial court. This ruling will not be disturbed on appeal unless there is a clear abuse of discretion. State v. Valenzuela, 98 Ariz. 189, 403 P.2d 286 (1965); State v. Anderson, 96 Ariz. 123, 392 P.2d 784 (1964); State v. Franklin, 2 Ariz.App. 414, 409 P.2d 573 (1966).

The defendant relies on the cases of State v. Corvelo, 91 Ariz. 52, 369 P.2d 903 (1962) and Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Both cases are distinguishable from the facts in this case. In Corvelo the Arizona Supreme Court ruled that it was an abuse of discretion for a trial judge to refuse the defendant's request to withdraw his guilty plea when it was entered under the defendant's mistaken belief that he was pleading to a misdemeanor rather than a felony. There was no such mistake in this case. In Santobello the United States Supreme Court held that it was error for the trial court to refuse the defendant's motion to withdraw his guilty plea where the prosecution had violated the plea bargain. The plea bargain was not breached in this case.

Under the facts of this case we find the trial judge did not abuse his discretion and the judgment and sentence of the trial court are affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.