556 P.2d 801

**The STATE of Arizona, Appellee,**

v.

**Cedric McKESSON, Appellant.**

**Nos. 2 CA–CR 773, 774–2, 775–3.**

Court of Appeals of Arizona, Division 2.

Sept. 16, 1976.

Rehearing Denied Oct. 13, 1976.

Petition for Review Denied Nov. 16, 1976.

Bruce E. Babbitt, Atty. Gen., Phoenix by Heather Sigworth, Asst. Atty. Gen., Tucson, for appellee.

Lieberthal & Kashman, P.C. by Howard A. Kashman, Tucson, for appellant.

OPINION

KRUCKER, Judge.

Appellant's sole contention on this appeal is that the trial court abused its discretion and acted in violation of Rule 17.4,

Rules of Criminal Procedure, 17 A.R.S., by refusing to permit him to withdraw his plea of guilty.

The pertinent facts are as follows. In May and July of 1975, appellant was charged with numerous offenses ranging from armed robbery to first-degree murder. Appellant originally pled not guilty to the respective charges and a plea agreement was ultimately entered into that disposed of all pending charges. It was agreed, *inter alia*, that appellant would plead guilty to the following: Murder, Second Degree; Assault with a Deadly Weapon; and Armed Robbery. A 45–50 year term in the Arizona State Prison was the agreed sentence for the murder charge; the sentences imposed on the other two charges were to run concurrently therewith.

On October 15, 1975, the appellant changed his plea to guilty and on November 12 orally moved to withdraw his guilty plea, indicating that he had had second thoughts.[1] A formal Motion to Withdraw Change of Plea was filed on November 18, but was denied after oral argument. Immediately thereafter, appellant was sentenced according to the plea agreement.

Rule 17.4(b), Rules of Criminal Procedure, 17 A.R.S., provides that a plea agreement may be revoked by any party *prior to its acceptance* (our emphasis) by the court. It is appellant's contention that in order for the plea bargain to have binding force prior to withdrawal there must have been an unequivocal acceptance by the court. It is urged that appellant never received any assurance that the court would either accept his plea or the stipulated sentence. We disagree.

While we recognize that a defendant is under no obligation to peer into the mind of a judge, we believe that the record reflects adequate compliance with the acceptance requirement of Rule 17.4. Rule 17.-4(c) conditions the acceptance of a plea on a finding of voluntariness and a factual basis arrived at in compliance with Rules 17.2 and 17.3. The trial court exhaustively complied with Rules 17.2 and 17.3, concluding that:

> "The record may show that the Defendant enters a plea of guilty to the charge of murder in the second degree, assault with a deadly weapon and armed robbery.
>
> The record may further show that the Court finds it to be a knowledgeable plea, a voluntary plea; that the Defendant understands the possible consequences of a plea, and there is a factual basis for each one of the pleas in this matter."

Although the court used the phrase "Defendant enters" rather that stating "the court accepts", it is our opinion that the trial court had in fact accepted the pleas within the meaning of Rule 17.4(d). As the court later commented:

> "Once you enter that plea of guilty and I put in on the record that I accept the plea, not that I accept the plea but I say that the Defendant has entered a plea of guilty and the Court finds it is voluntary and knowledgeable and that there is a factual basis, I think it would be ludicrous to say that that is not an acceptance of the plea."

Further evidence of acceptance lies in the Sentencing Notification form filed October 15, 1975. In that document the trial court set the original sentencing date as November 4, 1975, a full week before McKesson orally moved to withdraw his guilty plea. If the trial court had not accepted the plea, they would certainly not

---

1. The record also reflects that a key witness for the State was murdered shortly before

Mr. McKesson's reconsideration was brought to the attention of the trial court.

have scheduled sentencing. To hold otherwise would improperly exalt form over substance. *State v. Tiznado,* 112 Ariz. 156, 540 P.2d 122 (1975).

■ The confusion seems to have arisen from the trial court's hesitancy in initially approving the proposed sentence. Counsel for appellant apparently believes that failure to accept a sentence is synonymous with failure to accept a plea. It is our opinion that Rule 17.4(d) allows a court to accept a negotiated plea agreement even if it later determines that the proposed sentence is inappropriate. As the trial court correctly noted:

> "[T]he acceptance of a sentence and the acceptance of a plea are entirely two different things."

Here, not only was the plea accepted, but the court also adopted the proposed sentencing provisions. Since the State kept its part of the bargain, appellant's Rule 17.4(e) "right" to withdraw his plea, which would have arisen if the court did not comply with the agreement, never materialized.

■ Any claim that appellant should have been allowed to withdraw his guilty plea must, therefore, be pursuant to Rule 17.5. The allowance of such motions is within the sound discretion of the trial court, and in the absence of a clear abuse of discretion, its ruling will not be disturbed on appeal. *State v. Ellison,* 111 Ariz. 167, 526 P.2d 706 (1974); *State v. Fratus,* 20 Ariz.App. 366, 513 P.2d 373 (1973). The court below found that appellant would suffer no manifest injustice from a denial of the motion to withdraw, and we cannot say from the record before us that it abused its discretion.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.