641 P.2d 1312

**STATE of Arizona, Appellee,**

v.

**James WORTH aka David J. Cohen, Appellant.**

**1 CA–CR 4903.**

Court of Appeals of Arizona, Division 1, Department B.

Jan. 28, 1982.

Rehearing Denied March 3, 1982.

Review Denied March 16, 1982.

---

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Thayer & Thayer, P.C. by Teresa S. Thayer, Phoenix, for appellant.

## OPINION

WREN, Chief Judge.

Appellant was charged with one count of child molestation pursuant to A.R.S. § 13–1410. On February 8, 1980, he entered into a plea agreement whereby he was to plead guilty to sexual conduct with a minor in violation of A.R.S. § 13–1405. The plea agreement also included a stipulated seven-year sentence and required that appellant waive extradition on charges pending against him in the State of California. The agreement further provided that any sentence imposed in connection with the California charge would be served concurrently with the sentence imposed for the instant charge. The charge of child molestation was to be dropped. At the change of plea hearing, a factual basis for the plea was recited by appellant's defense counsel. After defense counsel recited what he believed would be proven at trial the court addressed the appellant to determine the basis for his plea, and whether it was appellant's voluntary desire to enter the plea:

> THE COURT: And you understand that the State is agreeing to permit you to plead guilty to a lesser crime than the one originally charged?
> THE DEFENDANT: Yes. Yes, I do.
> THE COURT: Is it because of the evidence that the State has in this cause that could be presented at trial and because they are permitting you to plead to a lesser crime that you are, in fact, pleading guilty, even though you may not feel that you are guilty?
> THE DEFENDANT: Yes.

At this point the Deputy County Attorney requested the court to delay its decision on whether or not to accept or reject the plea. The appellant agreed to this delay and waived the time limits to allow the court to make its decision at the time set for sentencing. The court agreed to the postponement, however, first making the following statement on the record.

THE COURT: Actually, the Court on the basis of the record could find today that the defendant is knowingly, intelligently and voluntarily entering the plea to the charge of sexual conduct with a minor under the age of 15. The court can also determine at this time that there is a factual basis for the plea.

The Court however, at this time wants to delay the determination of whether it will accept or reject the plea of guilt, until the time of the actual entry of judgment of guilt until the time set for sentencing of the defendant.

On March 7, 1980, the judgment and sentencing hearing was held. At the beginning of the hearing the court recited the following:

THE COURT: In a previous proceeding of this matter a determination of guilt was made that you are guilty of the crime of sexual conduct with a minor, a Class Two Felony in violation of A.R.S. § 13–1405, 1401, 701 and 801. Based on that determination of guilt, it is the judgment of the Court that you are guilty of the crime of sexual conduct with a minor. . . .

The hearing then proceeded with judgment of guilt being entered on the sexual conduct with a minor charge and appellant was sentenced to seven years in the custody of the Department of Corrections.

It is with the court's failure to explicitly accept the appellant's negotiated plea at the sentencing hearing, that the appellant finds fault. He argues that the judgment and sentence must be vacated and the proceedings remanded to the trial court for a continuation of proceedings based on the original charge.

We note that appellant made no objection to the trial court's failure to formally accept his plea at the time of sentencing. To the contrary, defense counsel announced that there was no "legal cause" why sentencing should not proceed. Where no objection is made to the trial court, error cannot be claimed on appeal unless it is fundamental. *State v. Dippre,* 121 Ariz. 596, 592 P.2d 1252 (1979). Here we find no fundamental error.

The court stated at the change of plea hearing that the court could at that time find a factual basis for the plea, and that the plea was voluntarily entered. Then at the sentencing hearing the court recited that a determination of guilt had been made in the previous proceeding. If the court had not accepted the plea, it would certainly not have entered judgment in accordance with the negotiated plea agreement. The appellant alleges no prejudice due to the court's failure to expressly accept his plea.

While we recognize that the Arizona Rules of Criminal Procedure unequivocally require in rule 17.4(d) that ". . . the court shall either accept or reject the tendered negotiated plea," we believe that the record reflects adequate compliance with the acceptance requirements of rule 17.4. To conclude otherwise would improperly exalt form over substance. This court has previously held that a trial court need not use the words "the court accepts" in order to meet the requirements of rule 17.4. *State v. McKesson,* 27 Ariz.App. 500, 556 P.2d 801 (1976).

The appellant also urges that A.R.S. § 13–1405 is not a lesser crime than A.R.S. § 13–1410. Therefore, he claims his plea was rendered involuntary because he was not benefited by the plea bargain as he claims is required by *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

*North Carolina v. Alford, supra,* requires that two findings be made: (1) a strong factual basis for the plea and, (2) the defendant's voluntary desire to enter the plea despite professed innocence. *State v. Fre-*

*da*, 121 Ariz. 430, 590 P.2d 1376 (1979). Both of these findings were made by the trial judge at the change of plea hearing.

■ We recognize that A.R.S. § 13–1410, the child molestation statute, and § 13–1405, the sexual conduct statute are both class two felonies, carrying a presumptive sentence of seven years. Nevertheless, a comparison of the statutes reveals that the range of sentencing possibilities under each statute is not the same. The sentencing parameters under the sexual conduct with a minor statute, A.R.S. § 13–1405, permit more leniency, making it, in essence, a "lesser crime." The defendant's agreement to a stipulated sentence of seven years does not eliminate this difference. A court may accept a negotiated plea agreement and yet determine that the proposed sentence is inappropriate. *State v. McKesson*, 27 Ariz. App. 502, 556 P.2d at 803. By pleading guilty to A.R.S. § 13–1405, the defendant could potentially have received a lighter sentence than that mandated by A.R.S. § 13–1410.

We also note that appellant was accorded a benefit from the plea agreement. He was allowed to serve his time in a California penal institution, in accordance with his wishes. The plea agreement also provided that the sentence in this case was to run concurrent with any sentence imposed in California where there were a variety of charges pending against appellant.

■ While we find nothing in *Alford* which requires that a "benefit" flow to the defendant in order to validate such a plea, the defendant received such a "benefit" from his negotiated plea in this case in any event.

The judgment and sentence are affirmed.

JACOBSON, P.J., and PAUL G. ROSEN-BLATT, Judge, concur.

NOTE: The Honorable PAUL G. ROSEN-BLATT, Yavapai County Superior Court Judge, was authorized to participate by the Chief Justice of the Arizona Supreme Court pursuant to Arizona Const. art. VI, § 3.