NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CHARLES BONNEY, *Petitioner*.

No. 1 CA-CR 20-0550 PRPC
FILED 8-12-2021

Petition for Review from the Superior Court in Maricopa County
No. CR2017-136187-001
The Honorable James R. Rummage, Judge *Pro Tempore* (Retired*)*

**REVIEW GRANTED AND RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Jeffrey R. Duvendack
*Counsel for Respondent*

Charles Bonney, Tucson
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

---

**HOWE**, Judge:

¶1          Charles Bonney petitions this court for review from the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 33.1. We have considered the petition for review and response, and for the reasons stated, grant review but deny relief.

**FACTS AND PROCEDURAL HISTORY**

¶2          Bonney, who is in his late seventies, attacked his sister with a brick or a shovel. When the police arrived, Bonney told the officers that his sister's injuries resulted from a fall. He was eventually arrested and indicted with one count of attempt to commit second-degree murder, two counts of aggravated assault, and one count of tampering with physical evidence. The State offered him an agreement whereby he would plead guilty to one count of aggravated assault, admit the existence of statutory aggravating factors, and stipulate to a greater-than-presumptive sentence of ten years' imprisonment in exchange for the dismissal of the remaining counts.

¶3          Bonney participated in a settlement conference to discuss the State's plea offer. The trial court informed Bonney that the settlement conference was "not designed to force [him] into a plea or . . . into a trial," that he had the right to accept the plea offer or go to trial, and that if he were convicted, he would likely receive a prison sentence between seven and twenty-one years—although it could conceivably run as high as thirty years' imprisonment. Bonney's attorney recommended that he take the State's offer because he would likely receive a longer prison sentence if he proceeded to trial and the State had refused to revise its offer based on Bonney's request for a deviation.

¶4          Bonney accepted the plea after the settlement conference. At the change-of-plea hearing, he confirmed that no one had "force[d]" or "threaten[ed] [him] in any way to get [him] to plead guilty." He also agreed

with the factual basis for his plea—that he had "recklessly caused physical injury with a dangerous instrument to the victim."

¶5        At the sentencing hearing, Bonney asked to withdraw his guilty plea. He believed that brain trauma stemming from decades-old football injuries had caused him to commit the offense during a blackout and he therefore "didn't feel like [he] did anything wrong." After the trial court pointed out that Bonney had accepted the plea offer after taking "a period of time" to consider it, Bonney asserted that he felt "pressured" to take the offer after his attorney "bent over the railing and really, really insisted" he do so, leading Bonney to fear his attorney "was going to sit on [him]." The court denied Bonney's request to withdraw from the plea agreement, concluding he failed to show "a manifest injustice," and imposed the agreed-upon term of ten years' imprisonment.

¶6        Bonney filed a notice requesting post-conviction relief, and the trial court appointed counsel to represent him. While investigating Bonney's case, his appointed attorney requested and received numerous extensions to obtain information about Bonney's medical condition. After the attorney completed review of the case, she informed the court that she could find no colorable claim to pursue.

¶7        Bonney subsequently filed a petition for post-conviction relief *in propria persona*. Bonney contended that (1) his attorney provided ineffective assistance by failing to investigate and pursue defenses based on Bonney's traumatic brain injuries; (2) his attorney provided ineffective assistance of counsel by coercing him to plead guilty by physically intimidating him, exaggerating the likely sentence he would receive if he were convicted by a jury, and telling him it would cost hundreds of thousands of dollars for him to go to trial; and (3) the trial court erred by not allowing him to withdraw his guilty plea.

¶8        The trial court summarily dismissed the petition without an evidentiary hearing. The trial court found that Bonney presented no "affidavits, records, or other evidence" to support his claims. Bonney timely appealed. For support of his claims on review, he has provided additional material not available to the trial court, including a medical report from a brain scan taken after he filed his petition for post-conviction relief.

## DISCUSSION

¶9        Absent an abuse of discretion or error of law, this court will not disturb the trial court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). "The relevant inquiry for

determining whether the [defendant] is entitled to an evidentiary hearing is whether he has alleged facts which, if true, would probably have changed the verdict or sentence." *State v. Amaral*, 239 Ariz. 217, 220 ¶ 11 (2016). The petitioner bears the burden of establishing an abuse of discretion. *State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011). The trial court did not err.

## I.    Ineffective Assistance of Counsel

**¶10**    To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). To show prejudice, a defendant must show a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Inability to show prejudice is fatal to a claim of ineffective assistance of counsel. *State v. Salazar*, 173 Ariz. 399, 414 (1992) ("If no prejudice is shown, the court need not inquire into counsel's performance."). Ineffective assistance must be a demonstrable reality rather than a matter of speculation. *State v. McDaniel*, 136 Ariz. 188, 198 (1983).

**¶11**    Bonney claims his attorney was ineffective for failing to investigate a guilty except insane ("GEI") affirmative defense. A defendant may offer the affirmative defense under A.R.S. § 13–502, which states that "[a] person may be found [GEI] if at the time of the commission of the criminal act the person was afflicted with a mental disease or defect of such severity that the person did not know the criminal act was wrong." A.R.S. § 13–502(A); *see also State v. Romero*, 248 Ariz. 601, 603 ¶ 4 (App. 2020). The defendant bears the burden of proving GEI by clear and convincing evidence. A.R.S. § 13–502(C).

**¶12**    The trial court did not err in summarily dismissing Bonney's claim. Under Arizona Rule of Criminal Procedure 33.9(e), a petitioner must "attach to the petition any affidavits, records, or other evidence currently available to the defendant supporting the allegations in the petition." Here, Bonney did not attach any document suggesting he did not know what he did was wrong at the time of the committed offense. The court thus did not err in concluding that Bonney's contention that he committed the offense by reason of brain trauma was "speculative" and "conclusory."

**¶13**    For the first time on appeal, however, Bonney provides a medical report from a brain scan taken after he filed his petition for post-conviction relief in the trial court. Because it was not submitted below, we

need not consider it. *State v. Varela*, 245 Ariz. 91, 95 ¶ 10 n.2 (App. 2018). Even with the attachment, however, Bonney's claim is merely speculative. Almost without exception, the report describes various aspects of Bonney's brain as "normal" or "unremarkable." While the report also refers to "generalized mild loss" of brain volume and "mild chronic microvascular ischemic change of the periventricular white matter," Bonney provides no evidence linking those reported conditions to the crime he committed. *See Romero*, 248 Ariz. at 603 ¶ 4.

**¶14**        In fact, immediately after Bonney committed the act, he claimed that his sister had suffered the injuries because she fell. Bonney then admitted to the factual basis of the plea under oath without suggesting that he did not know what he was doing was wrong. On the record presented, Bonney failed to show a reasonable probability that his attorney's actions "fell below objectively reasonable standards" and resulted in prejudice. *State v. Bennett*, 213 Ariz. 562, 567 ¶ 21 (2006).

**¶15**        Bonney also claims that his attorney coerced him to sign the plea agreement. A defendant's admission to a plea must be voluntary, and not the result of force, threats, or promises. *See* Ariz. R. Crim. P. Rule 17.3(a). Claims regarding the voluntariness of a plea are meritless if the record shows the trial court questioned the defendant in accordance with *Boykin v. Alabama*, 395 U.S. 238 (1969), and the defendant's responses to those questions indicate the defendant entered the plea knowingly and voluntarily, *see State v. Hamilton*, 142 Ariz. 91, 93 (1984).

**¶16**        The trial court did not err in dismissing Bonney's claim. At the change-of-plea hearing, Bonney told the trial court he understood the agreement, had no questions, had been made no other promises, and was willing to give up his rights to enter a guilty plea. Such "[s]olemn declarations in open court carry a strong presumption of verity," and "constitute a formidable barrier" in a subsequent challenge to the validity of the plea. *State v. Leyva*, 241 Ariz. 521, 525 ¶ 12 (App. 2017). Bonney provided no objective evidence controverting his change of plea statements.

**¶17**        Bonney nonetheless argues that he was coerced because his attorney physically threatened him, told him he would have to pay the attorney $300,000 to defend him in trial, and would likely receive thirty years in prison if convicted. This argument is meritless. First, the judge found that Bonney was not coerced into pleading guilty by virtue of defense counsel's intimidating physical presence. The same judge presided over Bonney's change of plea, sentencing, and proceeding for post-conviction relief and personally observed the interactions between Bonney and his

attorney and we therefore defer to the trial court's factual and credibility findings. *See State v. Swoopes*, 216 Ariz. 390, 393 ¶ 4 (App. 2007) Second, Bonney has waived his claim that his counsel coerced him by telling him it would cost $300,000 to go to trial because he did not raise this claim in the trial court, *see* Ariz. R. Crim. P. 33.16(c)(2)(B); *see also State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980). Furthermore, the claim is not credible because Bonney was represented by a public defender. Last, the record supports counsel's statement that Bonney risked receiving a much longer sentence if he proceeded to trial. The trial court did not err in summarily dismissing Bonney's ineffective assistance of counsel claims.

## II.    Withdrawal from Plea

**¶18**         Bonney further argues that the trial court erred by not allowing him to withdraw from the plea. Withdrawal is only allowed "if it is necessary to correct a manifest injustice." Ariz. R. Crim. P. 17.5. Enforcing a plea is not manifestly unjust without objective evidence that the defendant "misunderstood material terms in the plea agreement." *State v. Richardson*, 175 Ariz. 336, 339 (App. 1993); *see also State v. McKesson*, 27 Ariz. App. 500, 501–02 (App. 1976) (no manifest injustice in enforcing plea defendant sought to withdraw based on having "second thoughts" about chances at trial).

**¶19**         The court did not abuse its discretion by enforcing Bonney's plea. Bonney does not claim, much less provide evidence, that he did not understand the material terms of the plea agreement. *See* Ariz. R. Crim. P. 33.9(e). As stated above, the record indicates that Bonney was fully aware of the terms of the plea and that he voluntarily accepted them. Bonney's second thoughts about his chances at trial did not make his initial acceptance of the plea a manifest injustice. *See McKesson*, 27 Ariz. App. at 501–02.

**CONCLUSION**

**¶20** We have reviewed the record in this matter, the trial court's order denying the petition for post-conviction relief, the petition for review, and response. We find that Bonney has not established an abuse of discretion. For the foregoing reasons, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

7