436 F.Supp. 177 (1977)
UNITED STATES of America, Plaintiff,
v.
Raymond L. SCHARF, Defendant.
No. 76-141Cr(1).
United States District Court, E. D. Missouri, E. D.
July 22, 1977.
*178 Jay Schwartz, Racine, Wis., G. Richard Fox, Kell & Fox, St. Louis, Mo., for defendant.
Ronald E. Jenkins, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

MEMORANDUM
MEREDITH, Chief Judge.
This matter is pending on remand from the United States Court of Appeals for the Eighth Circuit. A hearing has been held pursuant to that Court's order.
The facts are these: defendant Scharf was indicted on May 27, 1976, in a seven-count indictment. Count I charged that defendant Scharf had operated his business through a pattern of racketeering activities in violation of 18 U.S.C. §§ 1961, 1962(c), and 1963(a). Counts II and III charged violations of 18 U.S.C. § 1951, obstructing commerce by extortion and conspiracy to do so in violation of the Hobbs Act. Count IV charged defendant Scharf with obstruction of justice in violation of 18 U.S.C. § 1503. The remaining counts charged defendant with violations of the firearms and explosive laws. On that same date, the judge in Court No. 3 issued an order, pursuant to 18 U.S.C. § 1963(b), restraining defendant Scharf from disposing of any of the assets of his business during the pendency of this case, in view of the fact that if defendant were convicted of Count I, the statute provides for forfeiture of the business involved.
On June 18, 1976, defendant Scharf was indicted on a seven-count indictment charging him with having failed to collect, account for, and pay over withholding taxes, in violation of 26 U.S.C. § 7202. Defendant Scharf, after a jury trial in Court 2 on the tax indictment, No. 76-166 Cr (2), was found guilty on all counts. (He has appealed that conviction, 8th Cir. No. 76-1957.)
On September 20, 1976, defendant Scharf pled guilty to Count III of this indictment, the conspiracy to obstruct commerce by extortion. The Government agreed to move for the dismissal of the remaining counts, including Count I, under which the defendant would forfeit his business. The restraining order was vacated.
On October 22, 1976, defendant Scharf was sentenced by Court No. 3 in this cause to a term of ten (10) years to run concurrently with any sentence imposed by Court No. 2 in 76-166 Cr (2). Defendant Scharf was granted a stay of execution of sentence until January 19, 1977, to permit him to dispose of his business and personal affairs. The remaining counts of the indictment were dismissed.
On October 22, 1976, defendant Scharf was sentenced in Court No. 2 to a term of ten (10) years, and given a stay of execution of sentence until January 19, 1977.
On November 10, 1976, defendant filed a motion in this cause, alleging the Government had violated the plea bargaining agreement. An affidavit was attached in response to the motion and the motion was denied by Court No. 3 on November 24, 1976.
On December 3, 1976, Scharf filed a notice of appeal to an order denying a motion to set aside his plea of guilty. This case was docketed by the United States Court of Appeals for the Eighth Circuit in case No. 76-2079 and was later dismissed on motion of the defendant.
*179 On December 22, 1976, defendant Scharf filed a new motion in the District Court to set aside his judgment and vacate his plea. This was denied on January 12, 1977, by Court No. 3, and the defendant appealed this order. It was pursuant to this order that the cause was returned to the district court by the Eighth Circuit Court of Appeals, 551 F.2d 1124, filed on March 30, 1977. Thereafter, Court No. 3, pursuant to a motion by defendant to recuse that judge, transferred the cause to this court.
Defendant, in this criminal case, was represented by Norman London. The Government's attorney was Richard D. Billeaud. London did not represent the defendant in his tax case on which defendant was found guilty, nor did London represent the defendant in his civil tax matters and London had no information relating to defendant's tax liability.
On October 22, 1976, after defendant Scharf was sentenced in this cause to ten (10) years and in his criminal tax case to ten (10) years to run concurrently, the Internal Revenue agents proceeded to defendant Scharf's business and made a demand for $78,000 in withholding and social security taxes due for the year 1972, which was not paid. The agents filed a lien on that same day and seized the defendant's business, his cash, and assets, and also certain bank accounts. Mr. London was advised and called the attorney for the Government in this case and complained about a breach of the plea bargaining agreement. The Internal Revenue Service released the business on the same day and seized it again in November of 1976 for a period of four or five weeks. It was released after defendant had paid approximately $60,000 in taxes. These taxes are being contested in the Tax Court by defendant.
At a hearing on June 10 and 17, 1977, on this cause to determine the facts in the matter, this Court experienced some difficulty in obtaining the facts. Defendant Scharf refused to testify on the ground of the Fifth Amendment to the Constitution, which the Court permitted. Defendant Scharf refused to waive attorney-client privilege with relation to his tax attorneys to permit the Government to call them concerning their advice to the defendant with relation to his tax matters as they affected the seizure of his business by the Government on October 22, 1976. Defendant also refused to waive any privilege he might have to permit the Internal Revenue Agents to divulge detailed information about his tax problems.
After observing all of the witnesses and reviewing the documents filed by all parties, the Court is of the opinion that there was no misunderstanding by defendant Scharf as to his plea bargain with relation to this criminal case. Attorney London's main concern about this case was to dispose of Count I, under which defendant's business would be forfeited, which count was dismissed. However, Mr. London had no information about the tax matters and the plea bargaining did not encompass any restraint on the Internal Revenue agents with relation to their rights under the statutes to seize the business for civil tax liabilities. Defendant's plea was voluntarily made. The Court finds there is no manifest injustice done this defendant.
The plea bargaining was very straight forward. It was only that all counts of the indictment would be dismissed, except Count III. The plea bargain in no way encompassed any civil tax liability of the defendant which caused the seizure by the Government of defendant's business on two occasions.
The Government has not breached its agreement and defendant Scharf understood the agreement.