[Criminal No. 398.   Filed February 25, 1916.]

[155 Pac. 299.]

## In the Matter of the Application of GEORGE B. MORRIS for a Writ of Habeas Corpus.

FINES—IMPRISONMENT—TERM.—Penal Code of 1913, section 1128, pro-
viding that a judgment that defendant pay a fine may also direct
that he be imprisoned until the fine is satisfied, but the judgment
must specify the extent of the imprisonment, which must not ex-
ceed one day for each dollar of the fine, nor extend beyond the
term for which defendant might be sentenced to imprisonment, au-
thorizes a judgment of imprisonment and a fine coupled with im-
prisonment until paid; the sentence of imprisonment not exceeding
the maximum of imprisonment for the offense.

[As to sentences above the maximum, see note in 55 Am. St.
Rep. 267.]

PETITION for writ of *habeas corpus* by George B. Morris
for his discharge from custody under sentence.   Writ
quashed, and petitioner remanded to custody.

Mr. A. S. Hawkins and Mr. Geo. P. Stovall, for Petitioner.

Mr. Wiley E. Jones, Attorney General, and Mr. Clyde M.
Gandy, County Attorney, for Respondent.

ROSS, C. J.—The petitioner is here on a writ of *habeas
corpus*.   He was convicted in the superior court of Maricopa
county of violating section 139 of the Penal Code of 1913,
and sentenced to imprisonment in the county jail for 30 days
and to pay a fine of $500, and also sentenced to serve one day
in jail for each dollar unpaid of the $500 fine; the jail sen-
tence and imprisonment for failure to pay fine not to exceed
six months.   Section 139 provides the punishment for its vio-
lation to be "by imprisonment in the county jail not exceed-
ing six months, or by fine not exceeding $5,000, or both."

It is the contention of petitioner that in cases of this kind,
where the statute authorizes the court in its discretion to im-
pose either a fine or imprisonment, or both, the court is pow-
erless to provide in its judgment that in default of the pay-
ment of the fine the prisoner be committed to jail to serve out

the fine.   In other words, if the sentence is imprisonment and
fine, the punishment by imprisonment as fixed by the court
exhausts the power of the court and limits the imprisonment
to the term fixed, and that the judgment of imprisonment
cannot be extended by a provision therein that he shall serve
out the fine at the rate fixed by general statute.

The petitioner, having served out the jail sentence of 30
days as fixed by the court, claims that he is entitled to his lib-
erty; that his imprisonment for the fine is unlawful, the fine
being collectible only by execution.   He ties his faith to this
proposition on the decisions of the supreme court of Califor-
nia in the construction of a statute from which we copied.
The California statute at the time we adopted it, 1887 (Pen.
Code, sec. 1205), read:

"A judgment that the defendant pay a fine may also direct
that he be imprisoned until the fine be satisfied, specifying
the extent of imprisonment, which must not exceed one day
for every dollar of the fine."

In *People* v. *Righetti,* 66 Cal. 184, 4 Pac. 1185, the first case
passing upon this section as it affected the power of the court
to fix sentence held that it "applies to cases of fine, whether
the fine be coupled with a sentence of imprisonment, or
whether the fine stand alone as the only punishment."   This
decision was rendered in 1884, three years before its adoption
by Arizona.

However, in 1890, in *In re Rosenheim,* 83 Cal. 388, 23 Pac.
372, the supreme court of California overruled the *Righetti
Case,* and held that:

Section 1205, *supra,* "does not apply to those cases in which
the court has imposed a term of imprisonment, and also a fine,
but . . . only to those cases in which the fine stands alone as
a punishment" (Beatty, C. J., dissented).   *In re Collins*
(Cal.), 23 Pac. 374.

One of the controlling reasons given by the majority opin-
ion in the *Rosenheim Case* for overruling the Righetti deci-
sion was:

"That the defendant is entitled to the benefit of every rea-
sonable doubt, whether it arises out of a question of fact, or
as to the true interpretation of words, or the construction of
language used in a statute, and we think the least that can be
admitted fairly by those who claim the application of section

1205 to judgments of this kind is that the intention of the legislature to make it applicable to such cases is not clearly and with certainty expressed in the language used.''

The California courts have adhered to the rule laid down in the *Rosenheim Case,* the last expression on the subject being found in *People* v. *Kerr,* 15 Cal. App. 273, 114 Pac. 584, decided in 1911. In 1891 (Stats. 1891, p. 52) section 1205 of the Penal Code of California was amended to read as follows:

''A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied. But the judgment must specify the extent of the imprisonment, which must not exceed one day for every two dollars of the fine, nor extend in any case beyond the term for which the defendant might be sentenced to imprisonment for the offense of which he has been convicted.''

The California courts evidently have attached no significance to the amendment, as the decisions rendered since its enactment fail to refer to it as working any change. The original section as construed in the *Righetti Case* made it possible for the court to impose a longer term of imprisonment than the maximum fixed by the legislature; that is to say, where a judgment inflicted imprisonment, also a fine coupled with imprisonment until fine be paid, the result might be that the imprisonment would be in excess of ''the term for which the defendant might be sentenced to imprisonment. . . . '' Therein, it seems to me, lies the ''uncertainty'' mentioned by the court in the *Rosenheim Case.* The amended section obviates this. The combined imprisonment, the one fixed by the court and the one following a failure to pay the fine, cannot in any case exceed the maximum jail sentence as fixed by the legislature.

The penalty in the instant case is not exceeding six months in jail or fine exceeding $5,000, or both. The court could have sentenced the petitioner to six months' imprisonment and to pay a $5,000 fine, in which case no part of the fine could be collected by imprisonment, but the court, in its discretion and as an act of leniency or grace toward petitioner, as was actually done, might give him the option to serve six months or to take the lighter punishment of thirty days in jail and pay $500 fine.

The direct language of the statute is that "a judgment that the defendant pay a fine may also direct that he is imprisoned until the fine be satisfied." The expression does not import that imprisonment may not be imposed in default of payment of fine in cases where the court may or must also inflict a jail sentence. Nor do I think it requires such a construction. In 1913 the California amended section was adopted by this state (Pen. Code, sec. 1128), and what has been said concerning the California statute applies with equal force to ours.

Therefore, if the rule that the adoption of a statute of another state also adopts its construction should be followed, the decision in the *Righetti Case* would prevail as against the later decisions of the California courts. Aside from the conflicting decisions of the California courts, it would seem that the statute as it now reads is relieved of any uncertainty as to its meaning and authorizes a judgment of imprisonment, also a fine coupled with imprisonment until fine be paid; the jail sentence, however, not to exceed the maximum term of imprisonment for the offense of which the defendant is convicted.

The Utah courts, that state having adopted the original section 1205 of California Penal Code, have followed the later decision of the California court. *Roberts* v. *Howells*, 22 Utah, 389, 62 Pac. 892; *Reese* v. *Olsen*, 44 Utah, 318, 139 Pac. 941.

The Oklahoma courts, however, have refused to accept the California construction of section 1205, which was incorporated into their laws in 1890. In *Ex parte Bowes*, 8 Okl. Cr. 201, 127 Pac. 20, the court said:

"We are of the opinion that, where the punishment for an offense is both fine and imprisonment, under the common-law practice and under the statute also (section 6917, *supra*, which is identical with the original section 1205, California, and section 1818, Rev. Stats. Ariz. 1887, and section 1013, Cr. Code Ariz. 1901), the trial court may properly adjudge the defendant, for a failure to pay the fine, to be imprisoned, such imprisonment to commence after the expiration of the term fixed as a punishment for the crime."

When it was urged upon the court that the construction given section 1205 (Oklahoma's section 6917) by the Cali-

fornia court was binding upon the state of its adoption, the court admitted the general rule, but stated that there are numerous exceptions to it; that it is not an absolute rule. It was said: ''Where the same provision exists in several states, there is no presumption that the construction of any particular state was in view.''

And further on: ''As we view it, our statute is but a reenactment of the common law, as to imprisonment for the nonpayment of fine, and the practice at common law was to imprison for fine, even if imprisonment was also imposed. *Beecher's Case,* 8 Coke, 58. 'As a general rule, where the punishment for an offense is both fine and imprisonment, the court may order defendant, for a failure to pay the fine, to be imprisoned, and that such imprisonment begin after the expiration of the term fixed as a punishment for the crime.' 19 Cyc. 553, citing (note 47) *Berkenfield* v. *People,* 191 Ill. 272, 61 N. E. 96; *Ex parte Tongate,* 31 Ind. 370; *State* v. *Myers,* 44 Iowa, 580; *State* v. *Hyland,* 36 La. Ann. 709; *People* v. *Sage,* 13 App. Div. 135, 43 N. Y. Supp. 372; *Fisher* v. *McDaniel,* 9 Wyo. 457, 87 Am. St. Rep. 971, 64 Pac. 1056. Section 6917, *supra,* leaves it discretionary with the trial court to provide imprisonment for nonpayment of fine at one day for each $2 of the fine, and, where the judgment does not so recite, then the fine can only be collected as a judgment rendered for money . . . in a civil action. *Ex parte Roller,* 3 Okl. Cr. 384, 106 Pac. 548.''

The writer of this opinion directed the issuance of the writ of *habeas corpus* herein upon the authority of the later decisions of the California court. After oral argument, an examination of the authorities and a discussion of the points involved with my brothers of the bench, who disagreed with me, I have become convinced that the first construction placed upon the statute by the California courts in the *Righetti Case* is a better expression of the law. It follows that the petitioner is not unlawfully restrained of his liberty.

The order is that the writ heretofore issued be quashed and that the petitioner be remanded to the custody of the sheriff of Maricopa county.

FRANKLIN and CUNNINGHAM, JJ., concur.