[Criminal No. 739. Filed January 12, 1931.]

[295 Pac. 311.]

HENRY SILVER, Appellant, v. STATE, Respondent.

Mr. John A. McGuire, for Appellant.

Mr. K. Berry Peterson, Attorney General, Mr. Riney B. Salmon, Assistant Attorney General, and Mr. W. E. Patterson, County Attorney, for the State.

McALISTER, C. J.—On March 3, 1930, an information was filed against Henry Silver, appellant herein, charging him with selling a pint of intoxicating liquor to John Doe. He plead guilty the same day and the court immediately pronounced this sentence:

"That you be confined and imprisoned in the County Jail of Yavapai County, Arizona, for a period of two years, and that in addition thereto you be fined the sum of Three Hundred Dollars, and that in default of the payment of said fine in addition to the period of imprisonment hereinbefore imposed you be confined and imprisoned at the rate of One Dollar per day until said fine is satisfied. The term of your imprisonment shall begin with the 3rd day of March, 1930. . . . That the jail sentence herein imposed be suspended according to law for the time of your good behavior. G. C. Ruffner is hereby appointed probation officer and the time of your probation shall be for a period of two years from this date."

Pursuant to the order of suspension appellant was released from custody and subsequently paid $250

of the fine, but on July 24th following the county attorney filed a motion praying that the court order him remanded to the custody of the sheriff for the purpose of serving the two-year jail sentence, the ground upon which such action was sought being that the order of suspension was void. Two days later and before any hearing was had thereon appellant filed a petition praying that the judgment and sentence be set aside and appellant permitted to withdraw his plea of guilty and enter one of not guilty, and if this prayer be denied that so much of the judgment as directs appellant's confinement in jail for two years be vacated and the same made to read that the imposition of confinement is suspended and appellant placed on probation.

A hearing on the motion and petition was had on August 8, 1930, and it appeared therefrom that appellant was arrested late in February, 1930, at which time three pints of intoxicating liquor were found in his possession by the arresting officer; that he was placed in jail and remained there three or four days when he was taken before a justice of the peace; that before charges were preferred against him the sheriff told him he doubted if he had enough evidence to obtain his conviction for selling intoxicating liquor but that he knew appellant had been doing it, and if he wished to plead guilty to that he might ·do so, but that if he did not he (the sheriff) would turn him over to the federal authorities for prosecution; that if he plead guilty a fine and jail sentence would be imposed on him but the latter would be suspended during good behavior; that he had the right to employ an attorney if he wished to do so; that thereupon appellant told the sheriff he would plead guilty to selling intoxicating liquor.

Upon these facts appearing, the court denied the petition of appellant but made no ruling on the motion of the county attorney though the denial of the

former in effect granted the latter. The vacation and modification of the judgment were denied because the court felt that it was then without jurisdiction to make any order relative thereto, though it is clear that if it had thought otherwise it would have granted the relief asked for by the petitioner, for in ruling on the petition it made these remarks:

"I would be very glad to do that if I felt that I could in order to carry out the intention of the original sentence. . . . The sentence does read what I intended at the time, but since I have gone into the matter I consider that I had no right, I had no power. . . . I feel very strongly on these cases that it is a very unfortunate sentence because there was no question on the part of all concerned, but at the present time I feel that I have no such power."

The one error assigned is the ruling denying the petition to vacate the judgment and permitting the execution of the sentence, and in support of this general assignment two propositions are advanced. The first is that it was an abuse of discretion to refuse to vacate totally the judgment and sentence and permit the appellant to withdraw his plea of guilty and enter one of not guilty, because the plea was involuntary, conditional and obtained by duress and fraud, and to allow it to stand would be against public policy. The second is that it was error to refuse to set the jail sentence aside and thus permit it to be executed.

It should be stated before considering these two propositions that the alternative sentence of imprisonment directing that in default of the payment of the fine appellant be imprisoned at the rate of one dollar per day until satisfied was void, because it together with the imprisonment fixed by the court exceeded the maximum jail sentence of two years prescribed by the legislature for the offense of selling intoxicating liquor, *Ex parte Morris,* 17 Ariz. 537, 155 Pac. 299, but it is separable from the rest and should be dis-

regarded or stricken since this would in no way affect the validity of that remaining. *People* v. *Kerr,* 15 Cal. App. 273, 114 Pac. 584; *Lowrey* v. *Hogue,* 85 Cal. 600, 24 Pac. 995.

Considering first the second proposition, we think it clear that the court was correct in its view that it had no power to set aside the imprisonment portion of the sentence and then suspend the imposition thereof. The offense of selling intoxicating liquor is punishable by both fine and imprisonment and both having been imposed the court was powerless thereafter to suspend the execution of imprisonment, because its power under section 5105, Revised Code of 1928, "is," as stated in *State* v. *McKelvey,* 30 Ariz. 265, 246 Pac. 550, 551, "limited to suspending the imposition of the sentence and not the execution thereof," except in cases where the sentence directs that the defendant pay a fine and commits him to prison until it is paid. In these the execution of the sentence may be suspended to the end that the defendant may be given an opportunity to pay the fine. Hence, the order suspending execution, which did not attempt to set aside the sentence but merely held it in abeyance, was wholly void and the sentence of imprisonment just as binding when the petition to vacate was filed as when pronounced. In fact, an order placing appellant on probation following one suspending even the imposing of imprisonment would have been without effect, since, a fine was pronounced at the same time and the court "may not impose a definite and specific sentence and at a later date add thereto." *Smith* v. *State, ante,* p. 262, 293 Pac. 23, 24.

If, as appellant contends under his first proposition, the record discloses that the judgment and sentence were predicated upon a plea of guilty induced by fraud and duress it was within the discretion of the trial court to set it aside, and this is true even though

the judgment had been pronounced more than six months prior thereto or had been partially executed, since "fraud vitiates everything which it touches, and when fraud has been committed by the party in whose favor the judgment was rendered, it may be vacated at any time upon a proper showing made by the injured party." *Vasquez* v. *Dreyfus,* 34 Ariz. 184, 269 Pac. 80, 81. And this is just as true of a judgment rendered in a criminal as in a civil proceeding. *Condos* v. *Superior Court,* 29 Ariz. 186, 239 Pac. 1032.

However, the facts relied on by appellant to show that the plea was induced by fraud and duress, and, hence, that it was involuntary and conditional are not such that they compel this conclusion. He points out that he plead guilty because of an understanding between him and the sheriff that if he did so he would be fined but not given a jail sentence. The sheriff, however, states that he advised appellant he would be given a fine and a jail sentence if he plead guilty but that the latter would be suspended. It is immaterial which is correct, for both understood that appellant would not be compelled to spend time in jail if he plead guilty, and the fact that the portion of the sentence requiring him to do so was suspended indicates that it was the purpose of the court also that he should not, though there is nothing showing that the court knew at the time that the sheriff had so advised appellant. The only way, however, that this could have been accomplished, if at all, after the sentence had been imposed was by vacating and setting aside the judgment and pronouncing a new one—not by attempting something beyond the court's power, namely, suspending or holding in abeyance the imprisonment portion of the sentence already given. But the fact that the parties, including the court, did not realize at the time that a jail sentence once imposed could not be suspended did not render it invalid or any the less effective nor in the slightest degree

show fraud or duress on the part of anyone. It was merely a mistake on the part of all concerned as to the legal effect of the order of suspension. There was no intention on the part of anyone to deceive or mislead appellant in the slightest.

Neither did the statement of the sheriff that he would turn the appellant over to the federal authorities for prosecution if he did not plead guilty to selling have this effect. He believed appellant guilty of this offense though doubtful of the sufficiency of the evidence to convict him of it, but he did have facts showing him guilty of unlawful possession of intoxicating liquor under the federal statutes, a fact that appellant was aware of, and this being true it was nothing more than his duty as an officer of the law to turn appellant over to the federal authorities for prosecution for that offense, and the mere fact that he told appellant he would do this does not sustain the proposition that the plea of guilty was involuntary, conditional or induced by fraud or duress in any degree. The penalty for unlawful possession under the federal statutes is not as heavy as that prescribed by the law of this state for the crime to which he plead guilty and in addition he was advised of his right to have an attorney if he desired one. It is clear that the court was without jurisdiction to vacate the judgment since the plea was not induced by fraud or duress and the sentence had been partially executed.

The suggestion, that since appellant had actually served no time in jail when the motion to remand was filed the execution of the imprisonment portion of the sentence had not commenced and, hence, that the rule applied in *State* v. *McKelvey, supra,* prohibiting the setting aside of a valid sentence where the defendant has entered upon the execution thereof has no application, is without merit. Wherever this rule is applicable it refers to the entire sentence and not a portion of it. It is immaterial whether appel-

lant had been imprisoned, either actually or constructively, since the sentence was that he be confined in jail for two years and pay a fine of $300 and $250 of this had been paid. This was a partial performance, for the payment of the fine was just as much an execution of the sentence imposed by the court as remaining in jail would have been.

It follows that the court was without jurisdiction to make any order relieving appellant from the jail sentence. However, since it appears that the court felt, when it sentenced him, that the facts did not justify the imposition of a jail sentence, and that it expressed regret five months later, when denying his petition to vacate the judgment and sentence, that it did not have jurisdiction to make an order that would carry into effect the sentence as originally intended, we think the case one peculiarly calling for action by the only body having the power to furnish relief, namely, the Board of Pardons and Paroles.

The order denying the petition to vacate the judgment and sentence is affirmed.

ROSS and LOCKWOOD, JJ., concur.