ROSE *v.* STATE

No. 41059          December 15, 1958          107 So. 2d 730

*Colin Stockdale, L. Percy Quinn,* Jackson, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

The decision in this case is controlled by that in No. 41,052, Daisey Ratcliff v. State, decided today.

Appellant, a white woman, was indicted in the Circuit Court of Jones County under Miss. Code 1942, Sec. 2000, as amended by Ch. 241, Laws of 1956, for unlawfully cohabiting with a Negro man. Without advice of counsel, she pleaded guilty, and was sentenced to fifteen months in the penitentiary. At the same term of court, she employed an attorney and moved for leave to withdraw her plea of guilty, to set aside the judgment based thereon, and to be permitted to plead not guilty to the charge.

She averred in the motion that she was not guilty and had a meritorious defense; that she entered the plea under the mistaken idea that she would receive a small fine, and in order to protect the good name and reputation of her four children. After a hearing, the circuit court overruled the motion, from which action she appealed.

In Ratcliff v. State, supra, it was held that Code Sec. 2000, as amended by Ch. 241, Laws of 1956, makes the existence of an incestuous relationship an element of the crime; that this Court must apply the plain terms of the act, and cannot amend it so as to make persons subject to punishment under it who are not otherwise punishable under it by its express terms. A marriage between a white person and a Negro would not be incestuous; it would be miscegenetic. In *Ratliff* and in the instant case, the State does not contend that any incestuous relationship is involved. The indictment against appellant charges that appellant is a white woman and the man is of the Negro race. The evidence on the hearing of the motion reflected those facts. It is undisputed that the prosecution was under Code Sec. 2000, as amended. Since the indictment therefore charged no crime under that statute, the circuit court should have noticed that manifest and fatal error in the indictment, and should have sustained appellant's motion to withdraw her plea of guilty and to set aside the judgment based thereon. Hence the order of the circuit court overruling that motion, from which this appeal was taken, is reversed, judgment rendered here sustaining the motion, and the cause is remanded.

Reversed, judgment rendered sustaining motion, and cause remanded.

*McGehee, C. J.,* and *Hall, Lee* and *Holmes, JJ.,* concur.