369 P.2d 903

STATE of Arizona, Appellee,

v.

Egidio CORVELO, Appellant.

No. 1191.

Supreme Court of Arizona,

En Banc.

March 14, 1962.

Murray Miller, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., John J. Casey, Asst. Atty. Gen., for appellee.

BERNSTEIN, Chief Justice.

On March 24, 1960, the defendant was charged, by information, with the crime of "receiving stolen property, a felony."

To this charge the defendant entered a plea of not guilty. Five months thereafter the State amended the information, omitting the designation of the crime as a felony and charging that the defendant

"* * * did receive, buy or take possession of personal property belonging to one Lavonne Gillespie, which he, the said Egidio Rezendez Corvelo, then and there knew was stolen property and that knowing the same to have been stolen, he did wilfully and unlawfully and for his own gain or to prevent the owner thereof from again possessing the same, receive, buy or take possession of said personal property, all contrary to the provisions of sec. 13–621, A.R.S., 1956; * * *."

On the same day the defendant entered a plea of guilty to this amended information. However, prior to judgment and sentencing, he moved to withdraw this plea of guilty and to be permitted to enter a plea of not guilty. The grounds for this motion were that, although at all times the defendant had professed his innocence to his attorney, the County Attorney, and the Adult Probation Officer, he had been induced to plead guilty to the amended information which he understood would charge him with a lessor offense, because any conviction of a felony would be grounds to deport him as an undesirable alien. The court denied this motion to withdraw the plea of guilty and entered judgment as follows:

"The Defendant being asked if he had any legal cause to show why judgment should not be pronounced against him; and no sufficient cause being shown or appearing to the Court, thereupon the Court renders its Judgment: That, whereas, you Egidio Rezendez Corvelo having plead guilty in this Court of the crime of Receiving Stolen Property, a felony it is found by this Court that you are guilty of said crime. * * *"

A sentence of from two to five years in the State Prison was imposed.

A motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court, 17 A.R.S.R.Crim.P. 188, and in the absence of a clear abuse of that discretion its ruling will not be disturbed on appeal, State v. Raponi, 32 Idaho 368, 182 P. 855 (1919), annot. 20 A.L.R. 1445 (1922); annot. 66 A.L.R. 628 (1929). However, the discretion of the trial court should be liberally exercised in favor of permitting the withdrawal, State v. Lawrence, 70 Idaho 422, 220 P.2d 380 (1950). Where there is any showing that justice will be served thereby, any doubt should be resolved in favor of withdrawing the plea. Krolage v. People, 224 Ill. 456, 79 N.E. 570 (1906).

If it fairly appears that a plea of guilty was made under some mistake or misapprehension, the defendant should be

permitted to withdraw it. United States v. Davis, 212 F.2d 264 (7th Cir. 1954); Bergen v. United States, 145 F.2d 181 (8th Cir. 1944). We believe that this rule should apply in the instant case. It appears that all parties were somewhat confused as to the legal effect of the amended information and the plea of guilty thereto. The state had already filed an information charging a felony. Unless it was intended that the charge be changed to a misdemeanor there was no need for the amended information. If the defendant had intended to plead guilty to a felony, he could have done so to the first information.

■ At the time of sentencing the court had before it the file of the Adult Probation Officer which included the following statement of the defendant:

"In regards to this stolen property that I had in my possession when I was arrested; I did not know it was stolen. I went to Bill Harvill Furniture Store, known at that time as the Sun Shine Furniture, which was located on East Van Buren Street. I knew Bill Harvill, also a man that worked for Bill. I only knew this man's name as Ricky. The last name I do not know. On this morning I went to Bill's store. It was the latter part of June or first part of July, 1959. This man, Ricky, was there at the time. He, Ricky, stated to me he and his wife had had a fight the night before, and they had split up. She left the house. Ricky stated to me that he hauled all their belongings to Bill's furniture store. Bill stated he did not have room to store the household. Ricky ask me to take what I needed, all or part. Ricky never mentioned anything about selling it to me. He only stated to me that it was his and his wife's. I took several items. I took them to my home. I had no idea that this merchandise was stolen loot from Mr. Gillespie's home. I did not steal this stuff. I do know Mr. and Mrs. Gillespie, but I do not know where they live, and I was never in their home. I do admit I did sell an Admiral Console T.V. set to Jim Tibbs of 2123 East Washington Street, Apartment #1. I got $100 for it. I also sold a Sterling Sewing Machine to my boss, Mr. Munsell for $100. Some of the clothing that I had in my possession were given to me by Bill Harvill. Bill stated to me that Mr. Gillespie gave them to him; that was some time prior to Mr. Gillespie's burglary. I do admit I had stolen merchandise in my possession, *but I did not know it was stolen.*" (Emphasis added.)

While this same report contained other material reflecting adversely on the defendant's veracity, the guilt or innocence of the defendant is not an issue where adequate grounds to support a change of plea are

shown. Such grounds exist here in the defendant's consistent statements that he was innocent, and in a rational explanation, supported by the circumstance of the amended information, which indicates that the guilty plea was entered under a mistake or misapprehension as to its legal effect.

"Where, as here, a defense of innocence is asserted at the time of a request to withdraw the plea, and the request is not obviously frivolous and is made before commencement of trial and before sentence, the plea should be granted. The right we deal with here is the right to a jury trial, and even what may prove a well-founded belief in defendant's guilt on the part of the trial judge should not impede the exercise of that right." People v. Bencheck, 360 Mich. 430, 433, 104 N.W.2d 191, 192 (1960).

See also Gearhart v. United States, 106 U.S.App.D.C. 270, 272 F.2d 499 (1959). For these reasons the denial of the motion to change the plea was error.

■ A review of the record indicates a more fundamental ground which requires that the judgment be set aside. It is an abuse of discretion to deny withdrawal of a plea of guilty where the information upon which it is based does not state an offense, Rose v. State, 234 Miss. 731, 107 So.2d 730 (1958); People v. Englese, 7 N.Y.2d 83, 195 N.Y.S.2d 641, 163 N.E.2d 869 (1959).

■ The amended information is fatally defective for the reason that it does not set forth a description of the property alleged to have been received, State v. Kuhnley, 74 Ariz. 10, 242 P.2d 843 (1952). It is necessary that the property be described with sufficient particularity to enable the accused to plead the judgment in bar of a subsequent prosecution for unlawfully receiving the same articles or goods. Certainly the expression "personal property belonging to one Lavonne Gillespie," without even indicating any value does not satisfy this requirement.

The conviction is set aside and the case remanded for proceedings consistent with this opinion.

UDALL, V. C. J., and STRUCKMEYER, JENNINGS and LOCKWOOD, JJ., concurring.