421 P.2d 317

The STATE of Arizona, Appellee,

v.

Thomas M. MURRAY, Appellant.

No. 1328.

Supreme Court of Arizona.

In Banc.

Dec. 7, 1966.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., for appellee.

William C. Smitherman, James F. McNulty, Jr., Bisbee, Robert J. Snyder, Jr., Sierra Vista, for appellant.

BERNSTEIN, Vice Chief Justice.

Defendant appeals from a conviction rendered in the Superior Court of Cochise County for the illegal possession of marijuana in violation of A.R.S. § 36–1002.05. The defendant pled guilty to the charge in the lower court and now seeks to have his plea set aside and the subsequent conviction and sentence vacated.

On December 31, 1962, after the defendant had been charged with the above crime, but prior to the time he entered a plea of guilty to that charge, the defendant gave a statement to the deputy county attorney of Cochise County. This statement, taken for the purpose of revealing marijuana activities in Cochise County and the surrounding area, was admittedly voluntary. During the taking of the statement, however, the deputy county attorney made the following statement:

"Your counsel has advised you that the State of Arizona can offer you and is offering you immunity from any prosecution for making this statement or anything that you tell us about now."

Defendant contends that as a result of this "offer" he made a motion to withdraw his plea of "not guilty" and entered a plea of "guilty", and that this change in plea was fraudulently induced.

A showing that a plea of guilty was induced by fraud or duress is clearly grounds for setting aside a judgment on the plea. Silver v. State, 37 Ariz. 418, 295 P. 311; Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; See 146 A.L.R. 1430. The prosecution does not quarrel with this principle but asserts that it is inapplicable to the present case. We agree.

The defendant made the statement voluntarily and in the presence of his counsel. He argues, however, that the statement was made as a result of the county attorney's offer of immunity and had such

an offer not been made he would not have pled guilty to the present charge. Not only does this court find it most difficult to comprehend an offer of immunity from prosecution being conditioned on a defendant's consent to plead guilty, we find no evidence in the record to support such a finding. During the taking of the statement the following comments were made:

Mr. Fenter (Deputy County Attorney)

"Q. "* * * It is our understanding that you are going to enter your plea of guilty to the charges, Tommy, which Mr. Snyder is representing you, is that correct?"

"A. Yes."

"MR. FENTER: Well, we have made no promises or we have made no threats to you on any of these charges or promised you any favors if you gave us this statement, is that correct?"

"A. Yes."

This exchange in specific and the tenor of the proceedings in general indicate that the offer of immunity made by the county attorney related only to those acts of defendant that might be revealed as a result of the statement. We find nothing in the record to indicate that the offer in any manner concerned the charges for which the defendant was then being held. If there could have been any question as to this, the defense counsel was free to have it made clear.

Further, we find no evidence of an intention on the part of the county attorney to deceive or mislead the defendant in any way. See Silver v. State, supra. Nor do we believe that his offer had such an effect. As we indicated before, it is senseless and plainly contradictory to say that a promise of immunity has been given in exchange for a plea of guilty on the same charge for which the immunity has been granted. Consequently, we hold that the defendant's plea of guilty with the advice of counsel was of his own choosing and was not the result of any fraud or duress or promise of immunity on the part of the county attorney.

We do not here rule on the effect and enforceability of the county attorney's offer of immunity should the defendant later be charged with other narcotics violations.

Judgment affirmed.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and McFARLAND, JJ., concur.