UNITED STATES of America, Appellee,

v.

Raymond L. SCHARF, Appellant.

No. 77–1702.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1977.

Decided Jan. 4, 1978.

Jay Schwartz, Racine, Wis., on brief, for appellant.

Robert D. Kingsland, U. S. Atty. and Richard D. Billeaud, Asst. U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before ROSS, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

This case involving Raymond L. Scharf's plea of guilty to one count of conspiring to violate the Hobbs Act, 18 U.S.C. § 1951, is before this court for the second time.

In May of 1976 Scharf was indicted on seven counts including violations of Title IX of the Organized Crime Control Act of 1970, 18 U.S.C. § 1961 *et seq.*, conviction of which could have resulted in forfeiture of his business. He was also subsequently charged in a seven-count indictment with Internal Revenue Code violations, and was convicted by a jury on all seven of those counts.

On September 20, 1976, Scharf pled guilty to one conspiracy count of the May indictment pursuant to a plea bargain, and

the other six counts, including the racketeering charge with the attendant threat of forfeiture of his business, were dismissed.

Scharf was sentenced on October 22, 1976, to two concurrent 10-year terms for the tax violations and conviction entered pursuant to the guilty plea. On the same day IRS agents demanded from Scharf $78,000 in withholding and social security taxes allegedly due and unpaid for the year 1972. When no payment was made, the agents filed a lien and seized Scharf's business pursuant to 26 U.S.C. § 6331.[1] Scharf moved to set aside his conviction on the conspiracy count claiming this IRS seizure violated the plea bargain.

The district court dismissed the motion without an evidentiary hearing and this court reversed. *United States v. Scharf*, 551 F.2d 1124 (8th Cir.), *cert. denied*, —— U.S. ——, 98 S.Ct. 70, 54 L.Ed.2d 81 (filed Oct. 3, 1977). The case was remanded with directions to the district court to hold an evidentiary hearing to determine the terms of the plea bargain and whether they were breached, and to determine whether manifest injustice would result if the conviction based on the guilty plea were permitted to stand. *Id.* at 1130.

Two hearings were held. The prosecuting attorney's affidavit and the defense attorney's deposition were received as evidence without objection. In its July 22, 1977 memorandum the district court stated that it had difficulty in obtaining the facts because Scharf took the fifth amendment and refused to testify; refused to waive the attorney-client privilege with relation to his tax attorneys to permit them to testify concerning the advice they gave him on his tax matters as they affected the seizure of his business; and refused to waive any privilege he might have to permit the IRS agents to divulge detailed information about his tax problems. However, the district court concluded, from observing the witnesses and reviewing the documents, that the plea bargain did not encompass any restraint on the Internal Revenue agents with relation to their rights under the statutes to seize Scharf's business for *civil* tax liabilities; that there was no misunderstanding by Scharf as to his plea bargain and his plea was voluntarily made; that the government did not breach its agreement; and that there was no manifest injustice in allowing the guilty plea to stand. Scharf appeals.

█ We have thoroughly reviewed the evidence presented at the June 10, 1977 and June 17, 1977 hearings and conclude that the findings of the district court are not clearly erroneous. The prosecutor's affidavit indicates that he never, actually, implicitly or otherwise, suggested to Scharf or his attorney that he could affect the outcome of the civil tax case. Although Scharf's attorney does state that he and the government apparently had "different understandings" as to the terms of the agreement, he does not claim that the prosecutor promised to protect Scharf's business from seizure in the civil tax suit. According to the findings of the trial court, which are supported by the evidence given by the prosecutor, the plea bargain did not extend to the government's activities in the civil tax suit. Scharf's contention that the government breached its bargain is without merit and his motion to set aside his conviction on that ground was properly dismissed.

█ We also agree that no manifest injustice will result from the court's refusal to allow Scharf to withdraw his plea.[2] Er-

---

1. According to the findings of the district court the government released the business on the same day and seized it again in November of 1976 for a period of four or five weeks. It was released after the defendant paid approximately $60,000 in taxes. *See United States v. Scharf*, 436 F.Supp. 177 (E.D.Mo. 1977).

2. There is some dispute as to the effect of this court's mandate in *United States v. Scharf*, 551 F.2d 1124 (8th Cir.), *cert. denied*, —— U.S.

—— , 98 S.Ct. 70, 54 L.Ed.2d 81 (filed Oct. 3, 1977). Scharf apparently takes the position that that mandate required the application of the lesser standard for allowing withdrawal of a guilty plea *prior* to sentencing under Rule 32(d) of the Federal Rules of Criminal Procedure. That clearly is not the case. The mandate in Scharf's first appeal reversed the district court's order denying without an eviden-

**108**

roneous advice of counsel as to the penalty which could be imposed does not, in and of itself, lead to manifest injustice. *See Masciola v. United States,* 469 F.2d 1057, 1058 (3d Cir. 1972). *But see, McAleney v. United States,* 539 F.2d 282 (1st Cir. 1976). This is particularly true where the penalty is a collateral rather than a direct consequence of the plea and is imposed by a totally separate agency. *See Michel v. United States,* 507 F.2d 461 (2d Cir. 1974).

Here seizure by the Internal Revenue agents was not a consequence, direct or collateral, of Scharf's plea in the criminal action. It resulted from Scharf's failure to pay 1972 withholding and social security taxes. Presumably the seizure would have occurred even if Scharf had pled not guilty on all counts of the May indictment and proceeded to trial, as long as he did not make payment of the delinquent taxes.

The judgment of the district court is affirmed.

tiary hearing his post-sentence motion for relief from a judgment of conviction following a guilty plea, and remanded the case with directions to hold an evidentiary hearing to make specific determinations regarding the plea bargain. The district court has properly complied with that mandate.