640 P.2d 187

The STATE of Arizona,
Petitioner/Appellee,

v.

The CITY COURT OF the CITY OF TUC-
SON and the Honorable Thomas D.
Welch, Chief Magistrate of the City of
Tucson, Respondents,

and

Ervin KRIST, real party in interest,
Respondent/Appellant.

No. 2 CA–CIV 3926.

Court of Appeals of Arizona,
Division 2.

June 25, 1981.

Rehearing Denied July 29, 1981.

Review Granted Sept. 17, 1981.

Frederick S. Dean, Tucson City Atty. by Thomas B. Lindberg, Tucson, for petitioner/appellee.

Walter B. Nash III, P. C. by Thomas G. Goddard, Tucson, for respondent/appellant.

OPINION

HOWARD, Judge.

The issue in this case is whether the Tucson city magistrate abused his discretion in setting aside appellant's guilty plea. The Pima County Superior Court, in a special action filed by the city, found that he did and ordered the magistrate to reinstate the guilty plea. Appellant claims the superior court erred. We affirm.

On January 4, 1980, appellant, who was represented by counsel, pled guilty in city

court to reckless driving. He later became aware that his driver's license was going to be suspended pursuant to A.R.S. § 28–445(6) because within the 24 months preceding the entry of his guilty plea he had been convicted of driving while under the influence of intoxicants. On May 19, 1980, appellant filed a motion to withdraw his guilty plea alleging that he mistakenly thought his prior DWI conviction occurred more than 24 months prior to the guilty plea and because the trial court failed to inform him that his driver's license would be suspended. The city magistrate granted the motion.

 The standard which governs the withdrawal of guilty pleas is found in Rule 17.5, Arizona Rules of Criminal Procedure, 17 A.R.S.:

> "The court, in its discretion, may allow withdrawal of a plea of guilty or no contest *when necessary to correct a manifest injustice.* Upon withdrawal, the charges against the defendant as they existed before any amendment, reduction or dismissal made as a part of a plea agreement, shall be reinstated automatically." (Emphasis added)

It is clear that the granting of a motion to withdraw a guilty plea is within the sound discretion of the trial court and in the absence of a clear abuse of discretion, such ruling will not be disturbed on appeal. *State v. Sims*, 118 Ariz. 210, 575 P.2d 1236 (1978); *State v. Cornwall*, 114 Ariz. 502, 562 P.2d 382 (App.1976), aff'd 114 Ariz. 550, 562 P.2d 723 (1977); *State v. Corvelo*, 91 Ariz. 52, 369 P.2d 903 (1962). It is also clear that the trial court is only authorized to grant a motion to withdraw the guilty plea when necessary to correct "a manifest injustice". This brings us to the question of what is a "manifest injustice" under the rule and whether a manifest injustice occurred here. The comments to Rule 17.5 refer to the ABA Standards, Pleas of Guilty § 2.1 (1968). This standard provides

> "(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:

> (1) he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;

> (2) the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;

> (3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed;

> (4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement; or

> (5) he did not receive the charge or sentence concessions contemplated by the plea agreement concurred in by the court, and he did not affirm his plea after being advised that the court no longer concurred and being called upon to either affirm or withdraw his plea."

As delineated by the ABA Standards, the term "manifest injustice" is a term closely akin to "fundamental unfairness" and possibly confined to a deprivation of due process. This conclusion was reached by the New Jersey court in *Howe v. Strelecki*, 98 N.J. Super. 513, 237 A.2d 893 (1968), although it was not interpreting the ABA Standards.

 Federal courts, in interpreting the term "manifest injustice" occurring in Federal Rules of Criminal Procedure, 18 U.S. C.A., 32(d), have held that manifest injustice does not result from erroneous advice from counsel as to what sentence will be imposed, *Masciola v. United States*, 469 F.2d 1057 (3rd Cir. 1972), but that manifest injustice does occur as a matter of law when there is a denial of due process. See *United States v. Crusco*, 536 F.2d 21 (3rd Cir. 1976). Furthermore, the mistaken impression of a defendant as to the contents of the plea agreement does not, of itself, constitute manifest injustice. *United States v. Becklean*, 598 F.2d 1122 (8th Cir. 1979). In *United States v. Scharf*, 568 F.2d 106 (8th Cir. 1978) the court held:

> "Erroneous advice of counsel as to the penalty which could be imposed does not, in and of itself, lead to manifest injustice.

(citations omitted). This is particularly true where the penalty is a collateral rather than a direct consequence of the plea and is imposed by a totally separate agency. See *Michel v. United States*, 507 F.2d 461 (2nd Cir. 1974)." 568 F.2d at 107–08.

■ The law is clear in Arizona that failure to inform a defendant of a collateral consequence of his plea does not render it invalid. *State v. Young*, 112 Ariz. 361, 542 P.2d 20 (1975); *State v. Rodriguez*, 17 Ariz. App. 553, 499 P.2d 167 (1972) (the possibility of deportation).

■ The suspension by the Motor Vehicle Division of the State of Arizona is a collateral, not a direct, consequence of the guilty plea. The court did not have to inform the appellant of this consequence.

The comment to Rule 17.5 also provides:

"The term manifest injustice is intended to include denial of effective assistance of counsel, failure to follow the procedures prescribed by Rule 17, an incorrect factual determination made under Rule 17.3, *and such traditional grounds as 'mistake and misapprehension,' State v. Corvelo*, 91 Ariz. 52, 369 P.2d 903 (1962) and *'duress and fraud,' Silver v. State*, 37 Ariz. 418, 295 P. 311 (1931); *State v. Murray*, 101 Ariz. 469, 421 P.2d 317 (1966)." (Emphasis added)

Pointing to the case of *State v. Corvelo*, supra, appellant contends that his guilty plea was made under "mistake and misapprehension" because he was mistaken about the date of his previous conviction and that, therefore, the city magistrate did not err in setting aside his guilty plea. We do not agree. The "mistake and misapprehension" referred to in the comment to Rule 17.5 and in *State v. Corvelo*, supra, means a mistake or misapprehension as to the nature of the charge. See *United States v. Davis*, 212 F.2d 264 (7th Cir. 1954); *State v. Corvelo*, supra. The term does not refer to some mistake or misapprehension about a collateral matter.

Affirmed.

HATHAWAY, C. J., and BIRDSALL, J., concur.