640 P.2d 167

STATE of Arizona, Petitioner/Appellee,

v.

The CITY COURT OF the CITY OF TUC-
SON and the Honorable Thomas D.
Welch, Chief Magistrate of the City of
Tucson, Respondents,

and

Ervin KRIST, real party in interest,
Respondent/Appellant.

No. 15604–PR.

Supreme Court of Arizona,
In Banc.

Dec. 29, 1981.

Frederick S. Dean, Tucson City Atty. by
Thomas B. Lindberg, Tucson, for petition-
er/appellee.

Walter B. Nash III, P. C. by Thomas G.
Goddard and Elliot Glicksman, Tucson, for
respondent/appellant.

CAMERON, Justice.

We granted this petition for review to
correct what we believe to be a mistake of
law concerning the discretion of the Tucson
City Court in granting a motion to with-
draw a plea of guilty. We have jurisdiction
pursuant to A.R.S. § 12–120.24 and Rule
31.19, Arizona Rules of Criminal Procedure,
17 A.R.S.

The facts necessary for a determination
of this matter are as follows. In January
1980, the real party in interest, Ervin Krist,
represented by counsel, pled guilty to the
charge of reckless driving in the City Court
of The City of Tucson. Because he had a
previous conviction for driving while intoxi-
cated within 24 months preceding the guilty
plea to reckless driving, his driver's license
was required to be revoked pursuant to
A.R.S. § 28–445(6). In May of 1980, Krist
filed a motion to withdraw the guilty plea
on the grounds he had mistakenly thought
the prior DWI conviction had occurred more
than 24 months prior to the time of the
acceptance of the guilty plea. The motion
was granted and the City filed a special
action in the Superior Court which held
that the granting of the motion by the City
Court was an abuse of discretion. Krist
appealed to the Court of Appeals which
affirmed the decision of the Superior Court,
and we granted Krist's petition for review.

Rule 17.5, Arizona Rules of Criminal Pro-
cedure, 17 A.R.S., provides:

"The court, in its discretion, may allow
withdrawal of a plea of guilty or no con-

test when necessary to correct a manifest injustice. Upon withdrawal, the charges against the defendant as they existed before any amendment, reduction or dismissal made as a part of a plea agreement, shall be reinstated automatically."

The question before the Court of Appeals, 640 P.2d 187, and before this court is what is meant by the term "manifest injustice." The Comment to Rule 17.5 states:

"The term manifest injustice is intended to include denial of effective assistance of counsel, failure to follow the procedures prescribed by Rule 17, and incorrect factual determination made under Rule 17.3, and such traditional grounds as 'mistake and misapprehension,' *State v. Corvelo*, 91 Ariz. 52, 369 P.2d 903 (1962) and 'duress and fraud,' *Silver v. State*, 37 Ariz. 418, 295 P. 311 (1931); *State v. Murray*, 101 Ariz. 469, 421 P.2d 317 (1966)."

The Court of Appeals held, in interpreting the Comment to Rule 17.5 and *State v. Corvelo*, supra, that the phrase "mistake and misapprehension" was limited to the nature of the charge and "does not refer to some mistake or misapprehension about a collateral matter." We do not agree. Without determining whether the loss of a driver's license is or is not a collateral matter as to a plea of guilty to the crime of reckless driving, we believe that defendant's mistake as to the loss of the license was a fact that the city magistrate could consider in determining whether to allow the defendant to withdraw his plea pursuant to Rule 17.5. Although the loss of the license was not a direct consequence of the plea in that it was due in part to a prior conviction from a separate action, the revocation of the license was certainly a consequence of the reckless driving conviction.

A person who pleads guilty without knowledge of the punishment that must be imposed has pled guilty under a mistake and misapprehension. It was therefore no abuse of discretion for the trial judge to have set aside Krist's plea. We have stated:

"A motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court, 17 A.R.S.R.Crim.P. 188, and in the absence of a clear abuse of that discretion its ruling will not be disturbed on appeal, (citations omitted). However, the discretion of the trial court should be liberally exercised in favor of permitting the withdrawal. (citation omitted). Where there is any showing that justice will be served thereby, any doubt should be resolved in favor of withdrawing the plea. (citation omitted)" *State v. Corvelo*, supra, 91 Ariz. at 54, 369 P.2d at 904–05 (1962).

Nothing we say in this opinion requires the trial court, in accepting a plea of guilty to reckless or drunken driving, to inform the defendant of the loss of license as a special condition mentioned in Rule 17.2 of the Arizona Rules of Criminal Procedure, 17 A.R.S.; that information is usually peculiarly within the knowledge of the defendant and the trial judge. What we do say here is that the revocation of a driver's license is a factor which the court may consider in setting aside a plea of guilty to the charge of reckless driving.

The decision of the Court of Appeals is set aside and the opinion is vacated. The decision of the trial court is reversed, and the order of the city magistrate setting aside the plea of guilty is affirmed.

STRUCKMEYER, C. J., and GORDON, J., concur.

HAYS, Justice, specially concurring:

I concur in the result reached by the majority in this case. However, the opinion goes beyond the necessity of a determination of the issue presented.

We still follow *State v. Corvelo*, 91 Ariz. 52, 369 P.2d 903 (1962), even though it predates the Rules of Criminal Procedure, and there being no abuse of discretion by the trial court in permitting a withdrawal of the plea of guilty, the trial court's ruling is upheld. With this I agree.

I see no need to engage in discourse on whether the loss of license was a direct consequence of the plea, nor meet the question of the meaning of the term "manifest injustice" as raised by the Court of Appeals.

I certainly concur with the majority opinion in stating that the loss of license is not a special condition which must be added to the litany in accepting a plea of guilty to reckless or drunk driving.

I concur in the result.

HOLOHAN, Vice Chief Justice, concurring:

I concur in the special concurrence of Justice Hays.