694 P.2d 1178

**STATE of Arizona, Petitioner,**

v.

**Lee Roy LAMAS, Respondent.**

**No. 6207-PR.**

Supreme Court of Arizona,
En Banc.

Jan. 25, 1985.

Thomas E. Collins, Maricopa County Atty. by Mark Kennedy, Phoenix, for petitioner.

Henry Zalut, Phoenix, for respondent.

HOLOHAN, Chief Justice.

Petitioner, Lee Roy Lamas, petitioned this Court to review the denial of relief by the Court of Appeals in a post conviction proceedings under Rule 32, Rules of Criminal Procedure. *State v. Lamas*, 136 Ariz. 349, 666 P.2d 94 (App.1983) and Supplemental Memorandum Decision issued November 17, 1983 (No. 1 CA–CR 6152–PR and No. 1 CA–CR 6153–PR, consolidated). We vacate the decisions of the Court of Appeals and grant the requested relief.

The facts necessary for this review are that in 1978 Lamas was charged with kidnapping with intent to commit rape, assault with a deadly weapon, first degree rape, and lewd and lascivious acts, all under the prior criminal code, with an allegation of a prior conviction for assault with intent to commit rape. In a plea agreement, Lamas pled guilty to the assault and rape charges in return for the State's dismissal of the kidnapping and lewdness charges and withdrawal of the prior conviction allegation. Under former Arizona Revised Statutes section 13–249, subsection B, a first offense of assault with a deadly weapon was punishable by imprisonment for not less than five years. The statute imposed a special sentencing condition when the defendant was armed with a gun which provided that "in no case ... shall the person convicted be eligible for suspension or commutation of sentence, probation, pardon or parole until such person has served the minimum sentence imposed." First degree rape was punishable "by imprisonment in the state prison for life, or for any term of years not less than five." Former A.R.S. § 13–614.

At the change of plea hearing at which Lamas' guilty plea was accepted, the trial judge questioned him about his understanding of the consequences of his plea to determine that his plea was voluntary as required by Rule 17, Arizona Rules of Criminal Procedure, 17 A.R.S. The following exchange took place:

THE COURT: Mr. Lamas, have you entered into a plea agreement with the State in which you agree to plead to Count two, assault with a deadly weapon, to wit: A gun, a felony?

MR. LAMAS: Yes, ma'am.

THE COURT: And have you also agreed to plead guilty to the crime of Count three, rape in the first degree, a felony?

MR. LAMAS: Right, yes, ma'am.

THE COURT: Now, Mr. Lamas, do you understand that the range of sentence for assault with a deadly weapon, a gun, is anything from five years up to life at the Arizona State Prison?

MR. LAMAS: Yes, ma'am, I understand.

THE COURT: And you understand that you cannot be released on any basis for that offense, whether it's probation or parole or completion of sentence, or any other basis, until the minimum five years has been served? Do you understand that?

MR. LAMAS: Yes, ma'am.

THE COURT: Now do you also understand that the Court can impose a fine for that offense of up to $2,000 plus 12 percent surcharges?

MR. LAMAS: Yes, ma'am.

THE COURT: Now the sentence under the statutes for rape in the first degree,

a felony, is anything from probation up to five years to life at the Arizona State Prison. Do you understand that?

MR. LAMAS: Yes, ma'am.

THE COURT: And in the event that you are sentenced to prison, the minimum sentence the Court could give you would be five years at the Arizona State Prison?

MR. LAMAS: I understand, ma'am.

Lamas also replied "No" when asked if his plea was induced by any promises outside the written plea agreement.

Lamas was sentenced to concurrent terms of fifteen to forty-five years in prison. Because of the special sentencing conditions under the former Arizona criminal code section quoted above, Lamas was ineligible for suspension or commutation of sentence, probation, pardon, or parole until he had served fifteen years, "the minimum sentence imposed." No appeal was filed.

In 1980, Lamas filed a petition for post-conviction relief and an evidentiary hearing was held before Judge Rudolph J. Gerber in 1982. Lamas contended that he should be allowed to withdraw his plea because his plea had been induced by his former counsel's promise that he would receive no more than a five-year sentence and would be eligible for good time credits so that he could get out of prison in approximately three years. Lamas and members of his family testified that W. Clifford Girard, Lamas' counsel at the time he entered his guilty plea, promised Lamas that if he agreed to enter the guilty plea he would receive a five-year sentence. Lamas said that Girard told him not to tell anyone about this promise. Girard also testified at the hearing and emphatically denied making any such promise, but Girard admitted that he had not specifically informed Lamas that he would have to serve the minimum sentence imposed without any possibility of receiving good time credits, nor had he advised Lamas that he might receive as much as a fifteen-year sentence.

After this hearing, Judge Gerber entered an order setting aside the guilty plea, citing *State v. City Court of Tucson*, 131 Ariz.

236, 640 P.2d 167 (1981). The judge found that Lamas' attorney's inaccurate assurances had induced him to plead, that Lamas had mistakenly entered into the plea under a misapprehension concerning the punishment imposable for his crimes, and therefore Lamas had not been able to make an intelligent plea. The county attorney moved for rehearing, which was denied, and then filed a petition for review by the Court of Appeals, which was granted.

The Court of Appeals issued its opinion in *State v. Lamas*, 136 Ariz. 349, 666 P.2d 94 (App.1983), stating that Judge Gerber had found "more than a technical violation of Rule 17, Ariz.R.Crim.P., and a failure to provide adequate, accurate information on special sentencing provisions." *Id.* at 352, 666 P.2d at 97. The Court of Appeals found that Judge Gerber acted within his discretion in finding, after considering all the testimony at the hearing, that Lamas had been promised a five-year sentence and had relied on that promise in entering his guilty plea. However, the court said that "the trial judge failed to address one crucial fact necessary for the ultimate disposition of this matter," *id.* at 353, 666 P.2d at 98, namely whether the inadequate advice received by Lamas from his counsel entitled him to have his plea set aside. The court believed that while Judge Gerber had found that Lamas was promised a five-year sentence, he made no findings concerning "trial counsel's alleged instructions to Lamas—he should not mention the promise to anyone." *Id.* at 355, 666 P.2d at 100. Relying heavily on Lamas' statement at the change of plea hearing that no promises were made, the Court of Appeals refused to set aside the plea absent specific findings on the question: "Did Lamas' trial counsel advise or instruct Lamas not to reveal that any promise was made with regard to his sentence?" *Id.* The court remanded the matter to Judge Gerber's court to resolve the conflict in the evidence and for findings on this question.

On remand, Judge Gerber found that Girard's testimony was more credible than Lamas' and determined that Girard did not

make the alleged promise nor tell Lamas to lie or keep a secret about that alleged promise. Lamas filed a motion to reconsider in the Court of Appeals. Judge Gerber later filed a letter of clarification, explaining that although he had found that "Girard had assured Lamas and his family of a five-year maximum sentence," he also found that there were no "secret understandings by Mr. Girard, Mr. Lamas and/or the Maricopa County attorney that Mr. Lamas conceal matters at the time of his plea." The Court of Appeals denied Lamas' motion to reconsider and issued an unpublished supplemental memorandum decision concluding that Lamas had failed to allege any reasonable explanation for his statement at the change of plea hearing that no promises had been made to him concerning his sentence. The Court of Appeals vacated Judge Gerber's order setting aside the guilty plea and remanded the case to the trial court. Lamas then filed a petition for review by this court.

We find that the original hearing in Judge Gerber's court focused largely on the question whether Lamas received effective assistance of counsel in entering his guilty plea. Subsequently, the Court of Appeals and Lamas' counsel also concentrated on this issue. We believe the true focus of this case should be on the original advice given to Lamas by the trial judge who accepted his plea. The trial judge's obligation under Rule 17.2, Arizona Rules of Criminal Procedure, 17 A.R.S., was to "[a]ddress the defendant personally in open court, informing him of and determining that he understands the ... nature and range of possible sentence for the offense to which the plea is offered, ... including any special conditions regarding sentence, parole, or commutation imposed by statute." The trial judge told Lamas that the minimum prison term he could receive was five years and the maximum term he could receive was life in prison, and that he could not be released on any basis "until the minimum of five years ha[d] been served." However, the trial judge failed to inform Lamas that if he were sentenced to *more* than the five-year minimum term, he could not be released on any basis until he had

served the *actual* "minimum sentence imposed." Former A.R.S. §§ 13–249, 13–614. Therefore, the trial judge failed fully to inform Lamas of the "special conditions regarding sentence, parole, or commutation" as required by Rule 17.2, Arizona Rules of Criminal Procedure. Because Lamas failed to receive this information, his plea could not have been voluntarily and intelligently made. The fifteen-year sentence he actually received would result in confinement, not for the five-year term mentioned at the plea hearing, but for the full fifteen-year period. We find that Lamas was prejudiced by this failure to inform him of the special conditions of the sentence and that acceptance of his plea was therefore reversible error. *State v. Cuthbertson*, 117 Ariz. 62, 570 P.2d 1075 (1977); *see also State v. City Court of City of Tucson*, 131 Ariz. 236, 640 P.2d 167 (1981); *State v. Ellis*, 117 Ariz. 329, 572 P.2d 791 (1977). We therefore vacate the decisions of the Court of Appeals and reinstate Judge Gerber's order setting aside Lamas' guilty plea. Our determination makes it unnecessary to consider the other issues raised in this case.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.