821 P.2d 188

**STATE of Arizona, Appellee,**

v.

**Timothy Allen DOCKERY, Appellant.**

No. 1 CA–CR 89–1459.

Court of Appeals of Arizona,
Division 1, Department B.

April 9, 1991.

Review Denied Dec. 17, 1991.*

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and

* Cameron, J., of the Supreme Court, recused himself and did not participate in the determination

of this matter.

**528**

Janet Keating, Asst. Atty. Gen., Phoenix, for appellee.

Garth Nelson, Parker, for appellant.

OPINION

KLEINSCHMIDT, Judge.

In this appeal, the defendant, Timothy Dockery, argues that the trial court abused its discretion in denying his motion to withdraw the guilty plea he entered pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The basis for the defendant's request is that after entering his plea, but before sentencing, he discovered that he would probably die from acquired immune deficiency syndrome (AIDS) before his sentence was served. We hold that the trial court should have allowed the defendant to withdraw his plea.

The defendant was originally charged with theft, a class 3 felony, enhanced by an allegation of a prior felony conviction. Conviction on this charge would have exposed the defendant to a sentence of up to fifteen years imprisonment. Faced with this, but still denying his guilt, he agreed to plead guilty pursuant to *North Carolina v. Alford* in return for a stipulated sentence of 7.5 years imprisonment. After he entered his plea, but before sentencing, the defendant learned that he had tested positive for the presence of the antibody to human immunodeficiency virus (HIV), the etiologic agent for AIDS. The defendant was told that he has a life expectancy of between five and eight years. The state did not attempt to dispute this.

When the defendant found out that he was HIV positive, he moved to set aside his plea of guilty and to withdraw from the plea agreement. The trial court, although it accepted as fact that the defendant's life expectancy was between five and eight years, denied this motion.

■ A trial court's ruling on a motion to withdraw from a guilty plea will be reversed only upon a showing that the trial judge clearly abused his discretion. *State v. City Court of City of Tucson*, 131 Ariz. 236, 237, 640 P.2d 167, 168 (1981) (citing *State v. Corvelo*, 91 Ariz. 52, 54, 369 P.2d 903, 904 (1962)). The trial court's duty is governed by Rule 17.5, Arizona Rules of Criminal Procedure, which provides that the court, in its discretion, may allow a withdrawal of a guilty plea when necessary to correct a "manifest injustice." Rule 17.5 is to be liberally interpreted, and doubts are to be resolved in favor of allowing withdrawal of the plea. *See City Court of City of Tucson*, 131 Ariz. at 237, 640 P.2d at 168 (citing *Corvelo*, 91 Ariz. at 54, 369 P.2d at 904–05).

■ The state argues that, since the defendant received the stipulated sentence bargained for, no manifest injustice ensued. We do not find that argument persuasive.

There are two recent cases which bear on the issue. The first is *Duran v. Superior Court*, 162 Ariz. 206, 782 P.2d 324 (App. 1989), in which we held that it was an abuse of discretion not to allow a defendant to withdraw from an *Alford* plea when the defendant learned that one of the complaining witnesses had retracted her accusation. We noted that *Alford* pleas are disfavored, and we concluded that where, before sentencing, there is an objective reason for a defendant to reevaluate such a plea, he should be allowed to withdraw from it. Dockery had such an objective reason to reevaluate the plea. When he entered it, he was unaware that what he was agreeing to would cause him to spend the rest of his life in prison.

The second pertinent case is *State v. Cooper*, 166 Ariz. 126, 800 P.2d 992 (App. 1990), in which the defendant pled guilty in four separate plea agreements, was sentenced pursuant to the plea agreements, and then discovered that he was HIV positive. We held that this condition could constitute a newly-discovered material fact under Rule 32, Arizona Rules of Criminal Procedure, sufficient to allow the sentencing judge, as a matter of compassion, to reconsider the sentence imposed.

Other Arizona cases which have allowed the withdrawal of guilty pleas support our conclusion. For example, see *State v. Corvelo*, 91 Ariz. 52, 369 P.2d 903 (1962) (de-

fendant mistakenly believed he was pleading guilty to a class of crime that would not affect his immigration status); *State v. Chavez*, 130 Ariz. 438, 636 P.2d 1220 (1981) (mistaken belief that sentence could be served in another state); *State v. Stevens*, 154 Ariz. 510, 744 P.2d 37 (App.1987) (the parties and trial court mistakenly believed that defendant was on parole at time of offense so as to allow for enhanced penalty).

We believe that the dissent misapprehends the thrust of *Duran* and the way in which we apply that case to these facts. We do not say that the fact that the defendant is HIV positive either rendered him incompetent to enter his plea or, assuming his guilt, somehow might make him less guilty of the crime with which he is charged. As *Duran* points out, the decision whether to enter an *Alford* plea requires the defendant to undertake a risk-benefit analysis. *Duran*, 162 Ariz. at 208, 782 P.2d at 326. When, before sentencing, the defendant discovers that his assumption that he will outlive the sentence he bargained for is incorrect, it is manifestly unjust not to allow him to withdraw from the bargain. In the phraseology of *Duran*, since the defendant had an objective reason to reevaluate his *Alford* plea, it was an abuse of discretion not to allow him to withdraw it.

It is ordered remanding this case to the trial court with directions to set aside the defendant's plea of guilty and allow him to withdraw from his plea agreement.

LANKFORD, J., concurs.

GERBER, Presiding Judge, dissenting.

I respectfully dissent. While our decisions in *Duran* and *Cooper* lend support to the majority's result, I dissent for reasons not mentioned by the majority.

The first of these is that Rule 17.5 of the Arizona Rules of Criminal Procedure provides for withdrawal from a guilty plea only for a "manifest injustice." The majority believes that this standard is met when a defendant admits guilt while suffering a fatal illness. Underlying this notion is the implication that such a defendant is so much less prescient because of illness that to accept his admission of guilt is a "manifest injustice."

I cannot see how a lately discovered illness alone reduces culpability nor how a person suffering such an illness is for that reason any less capable of acknowledging guilt. Apart from incompetency, the contrary appears to be the case. The majority hovers on the threshold of the therapeutic approach to criminal law, which makes crime and guilt turn largely on illness, contrary to the criminal law's fundamental supposition of behavioral freedom, including the freedom to make an intelligent admission of guilt. See, for example, in the contest of Rule 17.5's "manifest injustice," C.S. Lewis, *The Humanitarian Theory of Punishment* (1954):

> The Humanitarian theory removes from Punishment the concept of Desert. But the concept of Desert is the only connecting link between punishment and justice. It is only as deserved or undeserved that a sentence can be just or unjust.

Secondly, the majority now tacitly invites defendants to withdraw guilty pleas based on allegations of all sorts of newly discovered, ill-defined illnesses supposedly existing at the time of their pleas. Neither this opinion nor its predecessors sets any guidelines for which illnesses are to count. While withdrawal is now allowed in cases of AIDS, there is no clue as to what other, less debilitating medical conditions are excusing. One could plausibly contend that the line should be drawn exclusively in favor of fatal illness, unknown at the time of a plea, where, according to medical doctors, death is likely to occur in prison, coupled with testimony that the pleading defendant would not have pled guilty if aware of this dire prospect. There is some appeal to such a position, though it is absent from this decision. Its appeal, however, augurs in favor of mitigating punishment, not erasing guilt.

I prefer that the court not enter this house of cards at all. Short of insanity, the existence of an unknown illness, even a fatal one, does not by itself render accept-

ance of a plea a "manifest injustice". Illness does not by itself reduce guilt or the admission of it. Obviously illness might well prompt mercy at the time of sentencing as *Cooper* narrowly admits. That question is not before us, but that is the proper stage to consider such a mitigating factor. The court would be better advised to avoid entering the thorny bramble of the therapeutic approach to guilt by adhering instead to plea agreements entered by any defendant who is competent even though ill.