NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GARY LEE NELSON, *Petitioner*.

No. 1 CA-CR 16-0527 PRPC
FILED 10-3-2017

Petition for Review from the Superior Court in Mohave County
No. S8015CR201400366
The Honorable Steven F. Conn, Judge (Retired)

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Kingman
By Matthew J. Smith
*Counsel for Respondent*

Law Office of Daniel DeRienzo, P.L.L.C., Prescott Valley
By Daniel J. DeRienzo
*Counsel for Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

**W I N T H R O P**, Judge:

¶1          Gary Lee Nelson petitions this court for review of the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2          Nelson was indicted on one count of sexual abuse of a minor under fifteen years of age after the State alleged he intentionally or knowingly touched the breast of his thirteen-year-old piano student over her clothing.  Nelson pled guilty, with provisions in the agreement that he receive five years' supervised probation and register as a sex offender.

¶3          Before sentencing, Nelson moved through new counsel to withdraw his plea, alleging he would not have pled guilty had he known probation was available even if he lost at trial.  He claimed his plea counsel told him he would go to prison if he lost at trial, and only after he retained new counsel did he learn of the possibility of probation following a conviction.  He also alleged his plea counsel had errantly led him to believe the State would agree to allow him to enter an *Alford*[1] plea, asserting his innocence while accepting a plea to avoid a substantial sentencing risk.  He argued plea counsel had been ineffective, amounting to manifest injustice.

¶4          The superior court held an evidentiary hearing on Nelson's motion to withdraw, hearing testimony from five witnesses, including Nelson, plea counsel, and three of Nelson's friends.  The last witness, Nelson's roommate, testified he overheard a conversation in which plea counsel confirmed to Nelson that he would go to prison if he lost at trial.  On cross-examination, the prosecutor asked the witness if he had been convicted of theft by misrepresentation, and the witness answered affirmatively.  Nelson's counsel did not ask a follow-up question.  The superior court denied Nelson's motion, finding Nelson had been aware he could receive probation even if he chose to go to trial; plea counsel had not been ineffective in informing Nelson of his options; the plea agreement had been sufficiently explained to Nelson; the roommate, although not lying, had not accurately represented the conversation between Nelson and his counsel; and no manifest injustice had occurred.

¶5          Nelson was placed on five years' supervised probation, with additional restrictions due to his sex offender status, and he was required

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

to register as a sex offender.  He timely filed a petition for post-conviction relief, alleging he received ineffective assistance of counsel, and plea counsel's failures led him to enter a plea agreement that was not knowing, intelligent, or voluntary.  He also alleged the prosecutor had improperly impeached his roommate with an inadmissible prior conviction during the hearing on his motion to withdraw.  He requested that he be allowed to withdraw his guilty plea and "return to square one so a trial with effective representation may be held."

¶6          After responsive briefing, the superior court denied relief without an evidentiary hearing.  The court noted Nelson had raised five allegations of ineffective assistance of counsel, and found most had been resolved at the hearing on his motion to withdraw the plea.  The court concluded Nelson had not shown his counsel had been ineffective or had failed to sufficiently inform him of his eligibility for probation even if he lost at trial, and Nelson's assertions that plea counsel failed to advise him regarding his sex offender status level and the consequences of registering as a sex offender were contradicted in part by his own testimony and were without merit.  The court further concluded plea counsel was not ineffective for failing to interview Nelson's roommates before the plea or for failing to advise Nelson sooner that an *Alford* plea was not available, and Nelson's claim against his second attorney for failing to renew the motion to withdraw was also without merit.  In sum, the superior court found Nelson had "raised no claim presenting a material issue of fact or law which would entitle him to relief under Rule 32 and that no purpose would be served by further proceedings."

¶7          In his petition for review, Nelson claims the superior court abused its discretion in denying his motion to withdraw, and he asserts manifest injustice resulted from the alleged ineffective assistance of counsel because his plea attorney (1) failed to sufficiently explain the written plea agreement to him in advance of the change of plea hearing, and (2) incorrectly advised that he would be sent to prison if convicted at trial.  Nelson claims his second attorney was ineffective in failing to renew the motion to withdraw after the prosecutor disclosed he had impeached Nelson's roommate with an apparently inaccurate prior conviction, theft by misrepresentation, and had subsequently discovered that the conviction listed on the Arizona Judicial Branch's public access website was only for simple theft.  Nelson argues the superior court should have held an evidentiary hearing on the issue of impeachment of the roommate.

¶8          We review for an abuse of discretion a superior court's ruling on a petition for post-conviction relief.  *State v. Schrock*, 149 Ariz. 433, 441

(1986), *criticized on other grounds by State v. Amaral*, 239 Ariz. 217, 220, ¶ 10 (2016). An abuse of discretion occurs if the court makes an error of law, *State v. Wall*, 212 Ariz. 1, 3, ¶ 12 (2006), or fails to adequately investigate the facts necessary for its decision, *see State v. Douglas*, 87 Ariz. 182, 187 (1960).

**¶9** We first address Nelson's claim that the superior court should have held an evidentiary hearing on impeachment of the roommate with an apparently inadmissible conviction. "The purpose of an evidentiary hearing in the Rule 32 context is to allow the court to receive evidence, make factual determinations, and resolve material issues of fact." *State v. Gutierrez*, 229 Ariz. 573, 579, ¶ 31 (2012). The superior court reviewed the record and the transcript of the hearing on Nelson's motion to withdraw his guilty plea, as well as information from the State regarding the offense used for impeachment. The issue of the credibility of the witness was directly addressed in the court's finding on the motion to withdraw the plea, and the court found a different outcome would not have been reached even if it revisited the true nature of the prior conviction. Accordingly, the court did not need to hold an evidentiary hearing, as it had the evidence necessary to make factual determinations and resolve material issues of fact. The superior court did not abuse its discretion when it declined to hold an evidentiary hearing.

**¶10** The court also concluded that Nelson's second attorney's failure to renew the motion to withdraw, after learning the prior offense used to impeach the roommate might be inadmissible, did not constitute ineffective assistance. The court found no prejudice resulted from counsel's failure to renew the motion, as it would not have changed the outcome of the proceeding. The superior court did not abuse its discretion.

**¶11** We now turn to Nelson's claim that the attorney who represented him during the plea negotiation provided ineffective assistance of counsel and, therefore, he should be allowed to withdraw his guilty plea. A guilty plea induced by ineffective assistance of counsel is a cognizable claim. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To obtain relief, however, Nelson must provide evidence substantiating that counsel was ineffective.

**¶12** To state a colorable claim of ineffective assistance of counsel, a defendant must show (1) counsel's performance fell below objectively reasonable standards, and (2) the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at

694. A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* If a defendant fails to make a sufficient showing on either prong of the *Strickland* test, the superior court need not determine whether the defendant satisfied the other prong. *State v. Salazar*, 146 Ariz. 540, 541 (1985).

**¶13** A review of the record, including the transcripts of the change of plea hearing and the hearing on the motion to withdraw the plea, shows Nelson received effective assistance of counsel and his plea was entered voluntarily. Nelson was informed that probation was a sentencing option if he went to trial and was convicted, and before the hearing, his counsel explained the contents and consequences of the plea to him. Nothing in the record demonstrates counsel's performance fell below objectively reasonable standards.

**¶14** Nelson speaks and understands English, has a bachelor's degree, and attended two years of medical school. He was first indicted in March 2014, and did not enter the stipulation of guilt until September 30, 2014, allowing him substantial time to ask questions and contemplate his options. Nelson claims plea counsel told him before the change of plea hearing that an *Alford* plea would be offered to him; he was so upset when he learned minutes before the hearing that a stipulation of guilt rather an *Alford* plea was being offered that he could not process the events of the hearing; he thought prison time was mandatory if he went to trial and lost; and he felt coerced into accepting the plea, because he understood the plea offer would be rescinded if he did not accept it that day.

**¶15** Nelson's plea counsel testified, however, that "the plea that was on the table when I inherited the case was not an *Alford* plea." Further, although plea counsel broached the idea of requesting an *Alford* plea with Nelson, such a plea was never offered by the prosecutor, and Nelson knew this, as evidenced by his counsel's testimony.[2] The plea hearing was thorough, and Nelson answered in the affirmative all questions related to

---

[2] The prosecution had disclosed evidence of prior bad acts or propensity evidence it intended to introduce at trial. The admissibility of this evidence was not litigated because the State agreed to leave the plea offer open as long as defense counsel did not file any documents while the negotiation was ongoing. It would not be unreasonable to conclude that keeping this evidence from public view would also be a motivating factor in deciding whether to accept a plea offer.

his understanding of the charges, potential sentencing ranges, consequences of probation, and voluntariness of his plea.

¶16        Statements to the court at a change of plea hearing regarding the voluntariness of the plea are normally binding on the defendant. *See State v. Hamilton*, 142 Ariz. 91, 93 (1984). Despite Nelson's claim to the contrary, nothing in the record suggests he was coerced into accepting the plea agreement. Nelson's counsel put on the record Nelson's desire to utilize an *Alford* plea, but also his willingness to proceed with the stipulation of guilt. After plea counsel raised the issue of Nelson's desire to enter an *Alford* plea, the court inquired whether Nelson still wished to proceed with the plea, and Nelson responded, "Yes, [Y]our [H]onor." For Nelson to say he was so upset an *Alford* plea was not being offered that he could not honestly answer the questions posed at the plea hearing is disingenuous. On several occasions, Nelson stated his reason for accepting a plea was to avoid any possibility of prison time, and while testifying at the hearing on the motion to withdraw his plea, Nelson stated he "just didn't want to go to prison." The plea agreement calling for probation accomplished Nelson's goal. Further, the superior court indicated the difference between the *Alford* plea and the stipulation of guilt would have made no difference in the conduct of the hearing or sentencing. At the evidentiary hearing on Nelson's motion to withdraw the guilty plea, the court found plea counsel had informed Nelson of his eligibility for probation even if he lost at trial, and that Nelson had been sufficiently advised of the terms of the plea before he changed his plea and the court accepted the change of plea. By accepting the plea agreement, Nelson avoided any risk of being sentenced to prison time if convicted at trial, and although the offense to which he pled was probation eligible, nothing guaranteed that would be the outcome if he lost at trial. Also, Nelson was concerned he was required to register as a sex offender, but the only outcome that would have obviated the need to register as a sex offender was an acquittal. Despite his claims of innocence, Nelson never stated he believed he would be acquitted if he went to trial. Unlike the defendant in *Lee v. United States*, 137 S. Ct. 1958 (2017), Nelson has not shown he was misinformed about the consequences of his plea, or that he received ineffective assistance of counsel. *See id.* at 1963-64. Nelson has failed to show his counsel was ineffective.

¶17        Finally, Nelson has failed to show that any manifest injustice occurred:

> The term manifest injustice is intended to include denial of effective assistance of counsel, failure to follow the

procedures prescribed by Rule 17, an incorrect factual determination made under Rule 17.3, and such traditional grounds as 'mistake and misapprehension,' *State v. Corvelo*, 91 Ariz. 52, 369 P.2d 903 (1962)[,] and 'duress and fraud,' *Silver v. State*, 37 Ariz. 418, 295 P. 311 (1931); *State v. Murray*, 101 Ariz. 469, 421 P.2d 317 (1966).

Ariz. R. Crim. P. 17.5 cmt. The superior court did not abuse its discretion in denying and dismissing Nelson's petition for post-conviction relief.

**¶18**    Accordingly, although we grant review, we deny relief.

